Waterman and Hall *v.* Jones.

DANIEL B. WATERMAN, and MYRON V. HALL, Plaintiffs in Error, *v.* JOHN JONES, Defendant in Error.

ERROR TO THE COURT OF COMMON PLEAS OF THE CITY OF AURORA.

A judgment cannot be confessed on the day a warrant of attorney and note bear date ; although the note is payable on demand.

THE record in this case shows, that on the 20th day of November, 1860, the defendant in error filed in the office of the clerk of the Court of Common Pleas of the city of Aurora, his declaration, alleging that the defendants made and delivered to him their certain promissory note, of which the following is a copy :

"$2,027.25. AURORA, Nov. 20, 1860.
On demand, for value received, we promise to pay John Jones or order, two thousand and twenty-seven and 25-100 dollars, with interest at the rate of ten per cent. per annumm.
(Signed) D. B. WATERMAN & CO."

On the same day, the note with the warrant of attorney and affidavit, were filed with the clerk of said court, and judgment was entered and rendered in favor of the plaintiffs therein and against the defendant, for the sum of two thousand and forty-seven dollars and twenty-five cents, and execution issued thereon.

The warrant of attorney was dated the 20th day of November, 1860, and authorized any attorney of any court of record, to appear in any court of record, at any time from and after the date thereof, and to confess judgment, etc.

The plaintiffs in error moved to set the judgment aside. Motion was denied and exception taken, and a writ of error was sued out—the grounds of error being, that the warrant of attorney did not authorize the entry of the judgment until after the day of its date.

STORRS & METZNER, for Plaintiffs in Error.

GLOVER, COOK & CAMPBELL, for Defendant in Error.

BREESE, J. The note, warrant of attorney, and entry of the judgment under it, all bear date November 20, 1860.

It is manifest the judgment was confessed by the attorney under the warrant too soon. By its terms, authority was conferred to confess the judgment at any time from and after the date of the warrant, which was the 20th day of November, 1860.

Admitting an action might have been brought on the note, on the 20th, that being in law a demand, the warrant of attorney to confess a judgment must be strictly pursued, and must control. That warrant was the authority.

But it is said, the note being payable on demand, the time in which the judgment might be confessed, must be determined with reference to this fact, inasmuch as suit could be commenced on that day, the time must be computed so as to include the day of the date of the warrant of attorney. It will be observed, that the note is payable with ten per cent. interest, which is an indication that some time was to run before the note would be put in suit.

This court held in the case of *Ewing* v. *Bailey*, 4 Scam. 420, that the proper mode of computing time, when an act is to be performed within a particular period from and after a specified day, is to exclude the day named, and include the day on which the act is to be done.

We feel bound by this decision, it never having been reversed or questioned in this court, and must decide this case in accordance therewith, excluding the day of the date of the warrant. The intention of the parties, it seems to us, was, that the warrant of attorney should not be executed on that day. It is not to be presumed from anything that appears, that it was intended the judgment should be confessed on the day of the date of the warrant of attorney. If such had been the intention, plain language would have been used to manifest it.

The judgment is reversed, the confession having been premature.

                              *Judgment reversed.*