### WILSON THOMAS

*v.*

### GENEVIVE MUELLER *et al.*

*Filed at Springfield March 29, 1883.*

1. HUSBAND AND WIFE—*right to contract with each other.* Under the existing legislation all restrictions on the power of husband and wife to contract with each other, except as to compensation for services, are removed, and they are enabled to sue each other on all contracts except for such services.

2. SAME—*contract between husband and wife made prior to July 1, 1874—ratification.* Where a husband, prior to July 1, 1874, when the law

Syllabus.

did not recognize contracts between husband and wife, made a note payable to his wife, with personal security, it was *held*, that he might, subsequent to that date, when the statute permitted contracts between husband and wife, ratify and adopt the same, so as to make it binding on him to the same extent as if he had made a new note in lieu of the prior one, when the same is not shown to have been made to defraud his creditors.

3. SAME—*confession of judgment as between husband and wife—consideration.* The indebtedness of a husband to his wife by note, or for money or property, is a sufficient consideration to support a judgment against him by confession in favor of his wife as against his other creditors, when not impeached for fraud.

4. JUDGMENT BY CONFESSION—*prima facie evidence of fairness—as between husband and wife.* The confession of a judgment by a husband in favor of his wife, like all other· judgments, is *prima facie* evidence of its justice and fairness, even as against creditors of the husband making no claim that the debt was not fairly and honestly due.

5. SAME—*construction of power to confess—as to time of taking judgment.* Under a power of attorney to enter a defendant's appearance, in term time or in vacation, "at any time hereafter," and file a *cognovit*, and confess judgment, etc., a judgment may be confessed on the same day the power of attorney is executed. Such a power is distinguished from one authorizing the confession of judgment at any time after the day of its execution, where a judgment confessed on the day of its date was held void.

6. SAME—*presumption in favor of.* A judgment entered by confession before the clerk of the court, in vacation, will be presumed to be regular unless shown not to be so by the files in the case, or otherwise; and it devolves on the party seeking to have the same set aside to allege and prove facts impeaching its validity.

7. CHANCERY—*setting aside judgment by confession—not upon merely technical grounds.* A court of equity will not set aside a judgment confessed by a husband in favor of his wife, at the suit of a creditor of the former, merely because of some legal informality or technical advantage. It · acts on broader and more equitable principles.

8. RELEASE *of one of several obligors—who may avail of the defence as to the release of the others.* If one maker of a note is discharged by the release of the other maker, the former alone can avail of such defence. Such a defence, like the pleas of infancy, limitations, and the like, is purely personal, and the fact that such maker is released by operation of law is no just ground for setting aside a confession of judgment by him for the amount of the note, at the instance of another one of his creditors. A man may rightfully pay or secure a just debt, though barred by statute, or discharged by bankruptcy, or released by operation of law.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Sangamon county; the Hon. CHARLES S. ZANE, Judge, presiding.

Messrs. RICE & CROOK, for the plaintiff in error:

At the time the note in this case was given (May 4, 1874,) there was no law authorizing a husband to execute a note to his wife, and no suit can be maintained on such note, for want of capacity to make or take. *Chestnut* v. *Chestnut,* 77 Ill. 350; *Hogan* v. *Hogan,* 89 id. 427.

There being no law authorizing the execution and acceptance of such a note, it was absolutely void. *Warner* v. *Hale et al.* 65 Ill. 395; *Hoker* v. *Boggs,* 63 id. 161.

The note, if void, was incapable of ratification, but nothing is shown to warrant the conclusion of a legal ratification, independent of presumptions, which, of course, can not be indulged in a vacation proceeding. *Johnson* v. *Johnson,* 72 Ill. 489; *Roundy* v. *Hunt,* 24 id. 598.

The confession of the judgment was premature. The power authorized the confession to be made at "any time hereafter." This did not authorize the confession on the same day.

That an act or thing to be done or performed *hereafter,* can not lawfully be done on the day of the date, on the day of the event, or on the day of the act, see *Lester* v. *Garland,* 15 Ves. 248; *Bigelow* v. *Wilson,* 1 Pick. 485; *Cornell* v. *Moulton,* 3 Denio, 12; *Seekonk* v. *Rehoboth,* 8 Cush. 371; *Warren* v. *Slade,* 23 Mich. 1; *Bemis* v. *Leonard,* 118 Mass. 502; *Waterman* v. *Hall,* 28 Ill. 54; *White* v. *Jones,* 38 id. 159; *Protection Life Ins. Co.* v. *Palmer, Admr.* 81 id. 88; *Ewing* v. *Bailey,* 4 Scam. 420.

The warrant of attorney authorized confession of judgment for $19,700, but it was confessed for that sum and costs, the latter being in excess of the attorney's authority. For these

reasons the judgment should be set aside.  *Tucker* v. *Gill*, 61 Ill. 236; *Chase* v. *Dana*, 44 id. 262; *Roundy* v. *Hunt*, 24 id. 598; 1 Tidd's Practice, 552.

If the note was the basis of the judgment, then in order to render it valid the note must have been a legal and *bona fide* demand.  But the payee had, before that time, released Gerhard Mueller, so that the maker was discharged.  A judgment confessed upon it after such release can not be upheld. 5 Bacon's Abr. 702, G; 2 Bouvier, sec. 3832; *Rice* v. *Webster et al.* 18 Ill. 331; *Benjamin* v. *McConnel*, 4 Gilm. 536.

Messrs. SCHOLES & MATHER, for the defendants in error:

It is not pretended that the note in question was not given with respect to the separate property of the wife, and under the decisions under the acts of 1861 and 1869 we think it was competent for the husband to execute such a note to his wife before the act of 1874 took effect.  But were the law otherwise, the note was recognized as a binding obligation between the parties subsequent to July 1, 1874.  Various payments were made, and the husband gave the power to confess judgment on it.  These acts constitute a legal ratification.  *Taylor* v. *Boardman*, 92 Ill. 566.

It is urged the judgment is null and void for the reason it was prematurely entered.  In the cases cited the attorney was empowered to act after the date or day of execution, while here the power was well exercised at any time after the execution.  *Warren* v. *Slade*, 23 Mich. 1.

In answer to the objection that the judgment was confessed for a few dollars more than was due on the note, we cite *Adam* v. *Arnold*, 86 Ill. 185.

The warrant of attorney expressly waives and releases all errors in entering up the judgment.  *Hall* v. *Hamilton*, 74 Ill. 437.

The release of a co-obligor, or one of the joint makers of a note, may, under certain circumstances, operate as a release

of all.   In such case it must be properly pleaded.   It is a defence purely personal.  •

Mr. JUSTICE WALKER delivered the opinion of the Court:

It appears from the record that on the 4th day of May, 1874, Henry E. Mueller and G. A. Mueller executed a promissory note to Genevive Mueller, due one day after date, for the sum of $15,000, bearing interest at the rate of ten per cent.   The bill alleges that Mrs. Mueller claims to have received the interest in full on the note up to the 4th of May, 1876, and that she, on the 30th day of April, 1877, released in writing G. A. Mueller, and agreed to look to H. E. Mueller for the payment of the note; that H. E. and Genevive Mueller are husband and wife, and were when these transactions occurred; that Mrs. Mueller caused a declaration on the note to be filed in the office of the clerk of the circuit court of Sangamon county, on the 10th day of June, 1879; that a power of attorney to confess a judgment was executed by H. E. Mueller, and proof thereof was made, and they were filed and a judgment was confessed on the 19th day of June, 1879; that the power of attorney was executed to William F. Herndon, and empowered him to confess a judgment in the case for $19,700; that he filed a *cognovit*, and confessed a judgment for that sum on the filing of the power of attorney, proof of its execution, and *cognovit*.   The confession and entry of the judgment, and the proof of the execution of the power and *cognovit*, bear date the day of the entry, but the power of attorney bears no date.   An execution was issued, but immediately returned by order of plaintiff, without a levy.   The bill also alleges that complainant obtained a judgment in the Sangamon county court, against Henry E. and Gerhard A. Mueller, for $305.86, and a decree in the circuit court of that county, upon which there is unpaid the balance of $1261.20; that executions were issued thereon, and that issued upon the decree had been levied on real

estate, as the property of Henry E. Mueller.   The bill also avers that the last indorsement of the payment of interest on the note is in the handwriting of the payee of the note, who is the wife of Henry E. Mueller, and is dated the 27th of July, 1876.   The bill prays that the judgment by confession be set aside and removed, as an obstruction to the collection of complainant's debt, inasmuch as the defendants in this judgment and decree are insolvent.   Defendants filed a demurrer to the bill, which was sustained, and the bill was dismissed at complainant's costs.   He thereupon removed the case to the Appellate Court for the Third District, where, on a hearing, the decree of the circuit court was affirmed, and the record is brought from that court to this court on error, and a reversal is urged.

It is urged that at the time this note was executed, the law then in force did not authorize a husband to execute to his wife a note upon which she could maintain an action and recover a judgment; that the note in this case for that reason is void, and being void, the judgment by confession has no basis for its support in equity as against creditors of the husband.   To this it is answered, that by an act in force July 1, 1874, a husband was fully empowered to become indebted to his wife, and she authorized to sue him and enforce the debt; that having paid interest on the note, and executed the power of attorney to confess the judgment after that date, the husband ratified the note, and rendered it as binding as if given at either of these dates.   On turning to the chapter entitled "Husband and Wife," we find the legislature has greatly enlarged the powers and relations of husband and wife.   As to the management and control of her property the wife is almost entirely emancipated from all power of the husband.   She may buy and sell property, and sue and be sued in reference to it, independent of his control, and the 8th section in terms limits their power to sue each other for compensation for labor performed or services ren-

dered for the other, whether in the management of property or otherwise. From this it is manifest that the legislature intended to remove all restrictions on their power to contract with each other, and to enable them to sue each other on such contracts, in the same manner as if they were not married. This being so, H. E. Mueller had the legal right to ratify the execution of the note, or to have given a new note and taken up the old one. The consideration of the note is not questioned, and if valid, the ratification by these acts rendered the note as valid as a new one would have been, executed after the law went into effect. For anything alleged in the bill we fail to see this was not a sufficient ratification. It is not attacked for fraud or want of consideration, to hinder or delay creditors.

There can be no question that H. E. Mueller had ample power to confess a judgment at the time he did to his wife, and that she could avail of all the benefits it conferred; and had there been no note under which to confess it, there seems to be no question that it would have been valid until impeached for fraud,—as valid as if confessed on a note admitted on all hands to be perfectly valid and binding. If he owed her for money or property, that was a sufficient consideration to support the judgment, and on an attempt to impeach the judgment, the true question should be whether it was confessed without sufficient consideration and for fraudulent purposes. The appeal is to equity, and it can not interfere to defeat a just claim because of some mere legal informality or mere technical advantage in legal proceedings. It acts on broader and more just and equitable principles. Here there is no claim that the debt is not fairly and honestly due from Henry E. Mueller, nor is any fraud of any kind charged or insisted upon. The confession of this, like all other judgments, is *prima facie* evidence of its justice, nor is that denied or in any manner questioned.

It is urged that the judgment was confessed prematurely, and consequently without power, and the judgment is void and should be cancelled, and plaintiff in error permitted to satisfy his judgment out of the property of H. E. Mueller. The power of attorney is not dated, but the proof of its execution bears date the day the judgment was confessed. The clerk in the judgment recites that the declaration, the power of attorney, and the proof of its execution, were filed by the plaintiff. It also recites the appearance of Herndon, the attorney, the filing of the *cognovit*, and the confession of the judgment by him for the amount specified in the warrant, and the release of errors, and the judgment is rendered thereon.

It is urged that the attorney had no power to confess the judgment on the day of its execution, because, by fair construction of the language of the power, the day of its execution must be excluded, and we must presume that, having no date, it was not executed before the day it was filed. Plaintiff in error has undertaken to impeach a judgment that is *prima facie* fair and valid, and it devolved on him to allege and prove facts impeaching its validity. He does not aver that the power of attorney was executed on that day, nor is there anything appearing in the record to show that it was. Although the confession was entered under the statute by the clerk, as it was authorized by the statute, we must presume it is regular, unless shown not to be by the files in the case, or otherwise. The papers do not show, nor do the allegations in the bill, that it was executed on that day. But concede it was, does the language of the warrant preclude the confession on the day it was executed? The language is, to enter the appearance of Henry E. Mueller, in term time or in vacation, "at any time hereafter," and file a *cognovit*, and confess judgment, etc. The obvious meaning is, at any time after the warrant was executed. It was confined to no day or time, except it was after the execution of

the warrant of attorney. That, by its terms, was the only limitation as to the time these acts should be performed. There is no computation of time involved. The only question is, when was the attorney in fact empowered to act? And the warrant says, at any time after it is executed. This is the only interpretation the language will bear. The cases, therefore, which refer to the computation of time have no application to this case.

The cases of *Waterman* v. *Jones*, 28 Ill. 54, and *White* v. *Jones*, 38 id. 159, are unlike this case. There the powers of attorney authorized the attorneys, at any time from and after the day of their execution, to confess the judgments. There the day they were executed was excluded, and being so excluded, the judgments entered the day they were executed were held void, for the want of power to confer jurisdiction over the person of the defendant, and to confess a judgment; but here there is no exclusion or limitation of time after the execution of the power of attorney. No case is referred to where the facts are similar to this case, and they are not applicable as authority. We must, to give any effect to such judgment entered in vacation, presume that the warrant of attorney and other papers were filed before or at the time of the confession of the judgment, where they bear the same date.

It is urged that the release of G. A. Mueller operated to release Henry E. Mueller from all obligation to pay the note. If it operated as a release, he alone can avail of the discharge. Such a defence, like the pleas of infancy, limitations, and the like, is purely personal. Nor does it prohibit an honest man from paying a just debt. For aught that appears, this debt that H. E. Mueller owes to his wife is as just and equitable as is the debt to plaintiff in error, and if so, he was fully justified in paying it, or enabling his wife to collect it by confessing a judgment. There is no law that prevents a man from paying a just debt because it is barred by statute, or

discharged by bankruptcy, or released by operation of law, although its payment may operate to render the debtor less able to pay his other creditors. The law does not, in such cases, take charge of his conscience, and prohibit him from acting honestly. It only gives him the option to plead such defences, but by no means compels him, nor has the law conferred the power on others to compel him, to make the defence, or authorized them to interpose and make it for him.

There are some minor questions raised, but in the view we take of the case it is not important to discuss them.

Perceiving no error in the record, the decree of the court below is affirmed.

*Decree affirmed.*