GEORGE W. HANDLY

*v.*

EDWARD B. MUNSELL *et al.*

*Filed at Springfield March 26, 1884.*

1. MORTGAGES—*purchaser of equity of redemption—of his rights as against the mortgagee.* On bill to foreclose a mortgage, against the mortgagor and another who claimed to have purchased of the mortgagor, the latter filed a cross-bill against the mortgagee, setting up his purchase, possession, and payment of the purchase money, and the refusal of the mortgagee to convey the premises, and praying that he be compelled to make the conveyance, and that he, the purchaser, be allowed to pay the mortgage debt, and have the mortgage assigned to him by the mortgagee. The cross-bill did not state that the mortgagee ever refused to accept the amount due under the mortgage, and release the mortgage: *Held,* that as to the mortgagee, a demurrer was properly sustained as to the cross-bill, he being under no obligation to assign the mortgage.

2. In such case the complainant in the cross-bill could have no standing in court, unless he brought into court the amount due the complainant in the original bill. If that had been done, and no relief had been asked except as to his co-defendant, it might be that the court would have kept the mortgage and the debt thereby secured, alive, for his protection, until he could have litigated the matter in contention between himself and his co-defendant. In this case the decree dismissing the cross-bill was modified so as to make the dismissal without prejudice, at the costs of the complainant in the cross-bill.

3. The most that a purchaser of a mortgagor's equity of redemption can require of the mortgagee is, that he accept the amount due on the mortgage, and release it of record. The mortgagee is not bound to accept what is due him, and assign his notes and mortgage to the person offering to pay him.

4. A mortgagee seeking to foreclose his mortgage, having no interest as to litigation between the defendants, on cross-bill by one of them for the specific performance of an alleged contract for the sale of the equity of redemption, will not be compelled to wait for the sum due him until such other litigation is decided.

5. A purchaser of a mortgagor's equity of redemption loses no right by a decree foreclosing the mortgage, as, under the statute, he may redeem the property from the mortgage after sale thereof, as well as before.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. J. W. WILKIN, Judge, presiding.

The original bill in this case was brought by Edward B. Munsell, to foreclose a mortgage made by John Morton and Asher Morton, to secure their indebtedness to complainant. To the bill to foreclose, the mortgagors and George W. Handly were made defendants. Neither of the mortgagors made any answer to the original bill, but Handly answered the bill, and admitted all the allegations it contained, except that the premises were meagre security for the indebtedness. After filing his answer, Handly filed a cross-bill, in which he alleges that since the making of the mortgage to complainant, viz: on the 1st day of January, 1875, John Morton sold his interest in the mortgaged premises to Asher Morton, and that afterwards, on the 1st day of September, 1875, Asher Morton, being then the sole owner of the property embraced in the mortgage, sold it to complainant in the cross-bill for the sum of $2000, which he alleges he has since fully paid, and has since entered into possession of the premises and made valuable and lasting improvements thereon, to the value of $1500; that at the time of such purchase, John and Asher Morton agreed to make a deed conveying the premises to him on the full payment of the purchase money, and also agreed to pay and discharge the Munsell mortgage, which was a prior and valid lien thereon, and that they have failed, and now refuse, to make such conveyance, and to pay and discharge the mortgage indebtedness. Complainant in the cross-bill further represents that he is ready and willing, and has at all times been willing, to pay Munsell the amount of the notes secured by the mortgage, and that both before and since the commencement of the suit he has made frequent applications to Munsell to be allowed to pay him the amount of money necessary to satisfy such mortgage, offering him at each time the whole amount of principal and interest, and at one time offering him $100 in addition thereto, but that Munsell refused, and still refuses, to accept the money in payment of the amount due on the notes and mortgage, or any part

thereof. The prayer of the cross-bill is, that complainant therein may be allowed to pay Munsell the amount the court shall find to be due him on the notes and mortgage, and may have the same assigned to him, and that he may be subrogated to the rights of Munsell in such notes and mortgage; that defendants John and Asher Morton be decreed to pay him whatever sum he shall be compelled to pay to satisfy the notes and mortgage, and costs; that John and Asher Morton may be decreed to convey to complainant in the cross-bill whatever interest they may have in the mortgaged premises, and for such other and further relief as the nature of the case may require. Both of the Mortons and Munsell were made defendants, and all of them demurred to the cross-bill. Munsell demurred separately, but the Mortons jointly. On the hearing the court sustained the demurrers to the cross-bill, and dismissed the same, and then entered the usual decree of foreclosure in favor of Munsell on his original bill. Handly brings the case to this court on error, and assigns for error the decree of the circuit court dismissing his cross-bill.

Mr. ROBERT L. McKINLAY, for the plaintiff in error.

Mr. EDWARD B. MUNSELL, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

No question is made as to the validity of the mortgage sought to be foreclosed by the original bill, nor as to complainant's rights thereunder. The only error insisted upon is that alleged to have been committed by the court in the dismissal of the cross-bill. It can not be insisted, with any show of reason, there ought to have been any decree on the cross-bill against Munsell. The prayer of the cross-bill as to him is, that complainant be allowed to pay him the amount due on the notes and mortgage, and have the same assigned to complainant therein. That, Munsell was under no obliga-

tion to do, and the court could not rightfully decree that he should do so. The utmost that complainant in the cross-bill could ask Munsell to do, would be to accept the amount due on the mortgage, and release it of record. That, he was never asked to do. It is nowhere alleged in the cross-bill that Munsell refused to accept the amount due on the notes, and release the mortgage. Nor is it insisted in argument that he refused to release the mortgage on payment of the notes secured. There can be no question that Munsell's demurrer to the cross-bill was properly sustained. But in no event could complainant in the cross-bill have any standing in court unless he brought in the amount due complainant in the original bill. That was done in *Chicago Artesian Well Co.* v. *Connecticut Mutual Life Ins. Co.* 57 Ill. 424, and it seems to have been on that ground the complainant in the cross-bill was permitted to litigate the equities arising between himself and his co-defendants. But in the case being considered, the complainant in the cross-bill has not brought the money due complainant in the original bill into court. All that he has asked to be permitted to do by his bill, is to be allowed to pay to the mortgagee the amount the court shall find to be due to him, and to have the notes and mortgage assigned to him, and that he may be subrogated to the rights of the mortgagee in the notes and mortgage. That is not sufficient. Complainant in the original bill has not now, and never had, the slightest interest in the litigation between the defendants to his bill, so far as the pleadings disclose, and certainly the law will not require him to wait for the amount of money it is conceded by all parties to be due to him, until their controversy can be adjudicated, which litigation might continue for an indefinite period. Had complainant brought the money into court for complainant in the original bill, and asked no relief except as to his co-defendants, it might be the court would have kept the mortgage, and the indebtedness secured thereby, alive, for his protection, until he

could have litigated the matters in contention between himself and his co-defendants. That he did not do, and the relief he did ask was properly denied on the cross-bill, as at present framed.

It is not perceived how the dismissal of the cross-bill can work any injury to the complainant therein. The utmost he can claim is the right, as a subsequent purchaser, to redeem the property from the mortgage indebtedness, and that, under the statute, he can do as well after the foreclosure sale as before. It would have been proper,—and no doubt the court would have so decreed had its attention been called to this phase of the case,—to have dismissed the cross-bill without prejudice, so that any future litigation between the parties might not thereby be embarrassed. That will be done now in this court; but as complainant in the cross-bill did not ask in the court below to have it done, the modification will be made at his costs.

The decree of the circuit court will be modified so as to dismiss the cross-bill without prejudice, and with that modification the decree will be affirmed, at the costs of plaintiff in error.

*Decree affirmed.*