# JONAS P. MAGNUSSON

## *v.*

# E. P. WILLIAMS *et al.*

### *Filed at Ottawa November 17, 1884.*

1. TIME—*rule for computing.* Where thirty days' notice, or any other given time of notice, of a sale is required to be published previous to the day of sale, the rule is, to exclude the day of publication and include the day of sale. But the day of sale must not fall on a Sunday.

2. SALE UNDER TRUST DEED—*publication of notice—sufficiency as to time.* Where a deed of trust authorized a sale of the land named therein, for a default of payment, upon first giving thirty days' notice thereof by publication in a newspaper, etc., it was *held*, that a publication on August 23, of a sale which was made on September 22 following, was sufficient, the last day named not being a Sunday. Such an instrument does not require there shall be thirty working days between the publication and sale.

3. SAME—*declaring the whole debt due for non-payment of installment of interest.* A debtor gave a promissory note for the principal debt, and his four coupon notes for the annual interest. The principal note provided, that "if default in the payment of any interest note, or any portion thereof, for the space of sixty days after the same becomes due and payable, then all said principal and interest notes shall, at the option of" the payee, his executors, etc., become at once due and payable, without further notice. The trust deed securing the notes contained a similar provision. One of the interest notes not having been paid sixty days after its maturity, the assignee of the notes ordered a sale of the land for the entire debt: *Held*, that it was competent, under the language of the principal note and trust deed, for the assignee to declare the principal note due for the non-payment of the first coupon note for the space of sixty days after its maturity.

4. Where a debtor gives five notes, secured by a trust deed, the first note for the principal debt, payable about four years after date, and the others for the several years' interest on the first, each maturing annually, and the principal note and trust deed provided that the holder of such notes may declare the entire indebtedness due for default in the payment of any interest note sixty days after such default, a declaration of a forfeiture of the credit for the cause named, and declaring the entire debt due, will not invalidate a sale properly made by the party named in the trust deed, and such sale will not be set aside on the ground of a forfeiture or penalty, where it does not appear that any of the interest notes have been paid.

5. Where the principal note and certain interest notes are declared due before their maturity, on their face, for a default of the maker in paying the

first interest note for sixty days after due, it would seem that the maker of the notes might prevent a sale of his land under a trust deed, by paying the principal debt and the interest due on it up to that time, without paying the notes given for unearned interest. And the same may be said of a tender.

6. SAME—*offer by the debtor to buy the notes secured—effect upon subsequent sale by trustee.* A mere offer by the debtor to buy the notes and deed of trust given by him to secure a debt, before a sale by the trustee, will afford no equitable ground for setting aside the sale and allowing a redemption. The most the debtor may require is, that the holder of the debt accept the amount due, and enter satisfaction of the trust deed.

7. SAME—*inadequacy of price to impeach sale.* To justify a court of equity in setting aside a sale of land by a trustee under a power, on the sole ground of inadequacy of price, the inadequacy must be such as to amount to evidence of fraud upon the debtor's rights.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Mr. WILLIAM DAVIS, for the plaintiff in error:

The refusal of the holder of the notes to transfer them without recourse, on an offer to pay the sum due before the sale, made it unnecessary to raise the money.

Williams was trustee for Magnusson, as well as for Craig. Lewin on Trusts, 422, 423; *Webber* v. *Curtis,* 104 Ill. 315.

Omission of a trustee to do his duty, whether willful or not, is a breach of trust, from which equity will relieve. *Moore* v. *School Trustees,* 19 Ill. 83; *Thomas* v. *Sloo,* 15 id. 66; *Trustees of Schools* v. *Kirwin,* 25 id. 73; Story's Eq. Jur. secs. 331, 994.

It being the trustee's duty to have the property bring its value, he should have adjourned the sale when he found a tender had been made, and that there was no competition. *Ex parte Bennett,* 10 Ves. 393; *Hart* v. *Ten Eyck,* 2 Johns. Ch. 62; *Thornton* v. *Boyden,* 31 Ill. 200; *Griffin* v. *Chicago,* 52 id. 141; *Richards* v. *Holmes,* 18 How. 147; Story on Sales, 461; Hill on Trustees, 479; Lewin on Trusts, 414.

The clause in the principal note and trust deed, that a failure to pay any of the notes should make the whole debt

due, is in the nature of a penalty, against which equity will relieve, upon adequate compensation. *Tiernan* v. *Hinman*, 16 Ill. 400; 2 Hilliard on Mortgages, 190; 2 Com. Dig. 166; Willard's Eq. Jur. 56; *Williamson* v. *Railroad Co.* cited in 2 Redf. on Ry. 539; *Holden* v. *Gilbert*, 7 Paige, 208; *Mix* v. *Beach*, 46 Ill. 311; *Voris* v. *Renshaw*, 49 id. 425; *Bane* v. *Gridley*, 67 id. 388; *Home Life Ins. Co.* v. *Pierce*, 75 id. 426; *Morris* v. *Tilson*, 81 id. 621; *Vail* v. *Drexel*, 9 Bradw. 439.

A tender of the debt after the day of payment, removes the lien of the mortgage. 1 Hilliard on Mortgages, 516; *Flower* v. *Elwood*, 66 Ill. 438; *Insurance Co.* v. *Palmer*, 81 id. 88.

The first day of publication can not be reckoned as one of the thirty days. 1 Coke on Littleton, 46 b; 4 Kent's Com. 102, 103; 2 Burrill's Law. Dic. 529; *Bigelow* v. *Wilson*, 1 Pick. 485; 7 J. J. Marsh. 202; 1 Blackf. 292; 4 N. H. 267; 3 Pa. 200.

If time is to be computed from any act done, the day on which the act is done is to be excluded in the computation whenever such exclusion will prevent an estoppel or save a forfeiture. Taylor on Landlord and Tenant, sec. 78; *Wiggins* v. *Peters*, 1 Metc. 127; *Ewing* v. *Bailey*, 4 Scam. 420; *Windsor* v. *China*, 4 Green, 298; *Cornell* v. *Moulton*, 3 Denio, 12; *Farwell* v. *Rogers*, 4 Cush. 160; *Blomshard* v. *Hilliard*, 11 Mass. 85; *Wilson* v. *Gastone*, 9 Q. B. 137; *Waterman* v. *Jones*, 28 Ill. 55; *Varin* v. *Edmunson*, 5 Gilm. 270; *Walter* v. *Kirk*, 14 Ill. 55; *People* v. *Hatch*, 33 id. 9; *Bowman* v. *Wood*, 41 id. 203; *Higgins* v. *Halligan*, 46 id. 173; *Forsyth* v. *Warren*, 62 id. 68; *Roan* v. *Rohrer*, 72 id. 582; *Weld* v. *Rees*, 48 id. 428; *Harper* v. *Ely*, 56 id. 179; *Cushman* v. *Stone*, 69 id. 516.

When the time expires on a Sunday, the time is extended throughout the Monday following, Sunday being excluded. *Salter* v. *Burt*, 20 Wend. 205; *Borst* v. *Griffin*, 5 id. 84; 4 Kent's Com. 102, note b; 3 Chitty's Gen. Pr. 702; 2 Burrill's Law Dic. 496; *Angel* v. *Westcomb*, 1 M. & C. 48; *Mil-*

*burn* v. *Lester*, 5 Sim. 565 ; *Scammon* v. *Chicago*, 40 Ill. 146 ; *Chicago* v. *Vulcan Iron Works*, 93 id. 222 ; Rev. Stat. 1877, p. 685, sec. 6.

Messrs. WILLIAMS, DOUGLAS & LAWRENCE, for the defendants in error :

When thirty days' notice is required by a deed of trust, Sundays are counted in the computation of time, in the same manner as other days. *Weld* v. *Rees*, 48 Ill. 428 ; *Cushman* v. *Stone*, 69 id. 516.

Where an act is to be performed within or from a day named, the rule in this State is, to exclude the day from which the time commences to run and include the day on which the act is to be performed. *Waterman* v. *Jones*, 28 Ill. 54 ; *Bowman* v. *Wood*, 41 id. 203 ; *Roan* v. *Rohrer*, 72 id. 582 ; *Forsyth* v. *Warren*, 62 id. 68 ; *Higgins* v. *Halligan*, 46 id. 173 ; *Ewing* v. *Bailey*, 2 Scam. 420.

The whole debt being due, a tender of a part could not stop the sale.

No sufficient reason for postponing the sale has been shown. Mere inadequacy of price, unless so gross as to amount to a fraud, is no ground for setting aside the sale. *Weld* v. *Rees*, 48 Ill. 434.

Contracts which require the principal debt to become due on the failure to pay interest, have often been considered by this court, and always sustained. *Harper* v. *Ely*, 56 Ill. 179 ; *Princeton Loan and Trust Co.* v. *Munson*, 60 id. 371.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court :

This was a bill in equity, to set aside the sale of certain lands under a deed of trust, and to redeem.

On the 24th of June, 1872, Magnusson gave Davidson his promissory note for the principal sum of $974, due February 15, 1876, and also his four coupon notes for interest on

that principal sum, at the rate of ten per cent per annum, due, respectively, June 15, 1873, June 15, 1874, June 15, 1875, and February 15, 1876. All the notes were payable at the First National Bank of Galesburg. The principal note contained this clause: "If default in the payment of any interest note, or any portion thereof, for the space of sixty days after the same becomes due and payable, then all said principal and interest notes shall, at the option of the said Elliot C. Davidson, executors, administrators or assigns, become at once due and payable, without further notice." To secure the payment of these notes, Magnusson, at the time they were given, also executed and delivered to Williams, as trustee, a deed of trust on two tracts of land,—one a quarter section, and the other a half quarter section,—therein particularly described. The deed contained this proviso: that "in default in the payment of the said notes, or either of them, or any part thereof, according to the tenor and effect of said notes, then, on the application of the legal holder of the said notes, or any or either of them, it shall and may be lawful for the said party of the second part, his, etc., to sell and dispose of said premises, and all the right, title, benefit and equity of redemption of the said party of the first part, his, etc., therein, at public auction, at the south door of the First National Bank, in the city of Galesburg, in the State of Illinois, for the highest and best price the same will bring in cash, thirty days'. notice having been previously given of the time of such sale, by advertisement in one of the newspapers at that time published in the city of Galesburg, and to make, execute and deliver to the purchaser or purchasers at such sale, good and sufficient deed or deeds," etc. Soon after the making of the notes and the execution of the deed of trust, Davidson sold the notes, and assigned them to Craig, and delivered the same and the deed of trust to him. When the first interest note became due, it was left for sixty days at the First National Bank of Galesburg, for payment, and not

being paid during that time, the trustee was directed by Craig to sell the lands for the amount due on the notes. The trustee thereupon, on the 23d day of August, published a notice that the lands would be sold on the 22d of September then next. On that day,—*i. e.*, the 22d day of September, 1873,—the lands were sold by the trustee, pursuant to such notice, to Craig.

The grounds upon which the sale is sought to be set aside are: First, the insufficiency of the notice of the sale; second, the proviso in the principal note and the trust deed, authorizing the whole sum to be declared due in case of a failure to pay either of the notes, is in the nature of a penalty or forfeiture, against which a court of equity will relieve; third, there was a tender of the amount due on the first note; and fourth, there was an offer to pay the whole amount due, before the day of sale. These grounds will be considered in the order stated.

*First*—The notice was clearly published the requisite length of time. The deed required a publication of thirty days. Publication was made on the 23d day of August, and the sale was on the 22d day of September. The rule in such cases is, to exclude the day on which publication was made and include the day of sale. When this is done, there are, here, thirty days. The rule does not require, as counsel for plaintiff in error seem to suppose, that there shall be thirty working days, but only that the notice be given for thirty days' length of time. The last day (the day of sale) must not, of course, and here did not, fall on Sunday. *Waterman et al.* v. *Jones,* 28 Ill. 54; *Bowman* v. *Wood,* 41 id. 203; *Roan* v. *Rohrer,* 72 id. 582; *Forsyth* v. *Warren,* 62 id. 68; *Higgins* v. *Halligan,* 46 id. 173; *Weld* v. *Rees,* 48 id. 428; *Cushman* v. *Stone,* 69 id. 516; *Harper* v. *Ely,* 56 id. 179.

*Second*—The question, here, is simply whether it was competent for Craig, as the assignee of Davidson, on the failure of Magnusson, for sixty days, to pay the first coupon note, to

declare the debt secured due, and request the trustee to sell, and whether, the trustee having so sold, the sale is illegal, and should be set aside. Since there was no tender of the principal debt, it is unnecessary to go farther, and inquire whether, to make the tender good, it was also necessary to have tendered the amount of the coupon notes not then due. That it was competent, under the language of the principal note and that of the trust deed, to declare the principal note due on the non-payment of the first coupon note for sixty days after its maturity, is well settled by previous decisions of this court. *Ottawa Plank Road Co.* v. *Murray,* 15 Ill. 337; *Harper* v. *Ely,* 56 id. 179; *P. L. and. T. Co.* v. *Munson,* 60 id. 371. The case of *Tiernan* v. *Hinman,* 16 Ill. 400, cited and relied upon by plaintiff in error, seems to go to the extent of holding that in a case like the present, in order to redeem, it would not be necessary to tender the amount of the coupon notes not yet due,—that as those notes are given for interest not yet earned, and which, by the election to treat the principal debt as now due, never can be earned, to enforce their collection would be to enforce a penalty or forfeiture, against which a court of equity will always relieve. But since no tender was here made of the amount of the principal note, and of the coupon note actually due, and there is no pretence that any of the notes have been paid, that ruling can have no application. The principal note was, as we have seen, declared due strictly in accordance with the terms of that note, because of the non-payment, for sixty days after maturity, of the first coupon note, and by virtue of that declaration the principal note then became due, and the deed of trust then authorized the sale of the property by the trustee for the amount then due, upon the request of the holder of the principal and coupon notes. No penalty or forfeiture, strictly speaking, was enforced. The agreement of the party that a debt should become due on a given contingency sooner than it would otherwise have become due, is all that was enforced.

*Third*—There never was, as we have before observed, any tender of the amount due on the principal note. There was an offer, merely, to buy the notes ·and deed of trust, but it was optional whether the holder should sell or not. · The most that could have been required was, that the holder accept the amount of the notes, and enter satisfaction of the deed of trust. *Handly* v. *Munsell et al.* 109 Ill. 362.

An objection is also urged that the amount bid was inadequate, and that the sale should therefore have been postponed. The difference between the amount bid and the value of the property, as fixed by the judgment of witnesses, is not great, —certainly is not sufficient to amount to evidence of a fraud upon Magnusson,—and can not, therefore, justify setting aside the sale on that ground alone. (*Weld* v. *Rees*, 48 Ill. 434.) There are no facts shown, otherwise, from which we can see Magnusson's interests would certainly have been promoted by postponing the sale.

The decree is affirmed.

*Decree affirmed.*

Mr. JUSTICE CRAIG was not present at the discussion of this case, and took no part in its decision.