## JOHN M. BUNN ET AL.

### V.

## THOMAS GARDINER.

1. JUDGMENT BY CONFESSION IN VACATION.—The entering of judgment in vacation by confession is a statutory proceeding in derogation of the common law by a merely ministerial officer and the clerk is authorized to act only in cases affirmatively appearing to be within the statute.

2. SAME—PROOF OF EXECUTION OF POWER.—In case of confession of judgment by an attorney in vacation it is essential not only that proof of the execution of the power of attorney be made but that it be made by affidavit. Without proof of its execution no jurisdiction is obtained of the person of the defendant and the judgment is absolutely void and may be impeached collaterally by any person sought to be affected by it. An execution on such judgment is void.

APPEAL from the Circuit Court of DeWitt county; the Hon. GEORGE W. HERDMAN, Judge, presiding. Opinion filed December 4, 1885.

Mr. JOSEPH M. GROUT and Mr. JAMES A. CREIGHTON, for appellants; that no affidavit or proof being filed of the execution of the power of attorney, the clerk had no power to enter the judgment, and there was a want of jurisdiction, cited Durham v. Brown, 24 Ill. 94; Roundy v. Hunt, 24 Ill. 601; Tuck-

er v. Gill, 61 Ill. 240; Bush v. Hanson, 70 Ill. 480; Russell v. Lillya, 90 Ill. 327; Rising v. Brainard, 36 Ill. 79; Iglehart v. Chicago Marine & F. Ins. Co., 35 Ill. 516; Follansbee v. Scottish-Am. Mtg. Co., 5 Bradwell, 17; Anderson v. Field, 6 Bradwell, 313; Baldwin v. Freydendall, 10 Bradwell, 111.

Messrs. MOORE & WARNER, for appellee.

PLEASANTS, J. This was replevin in the *cepit* and *detinet*, brought by appellants for a stock of goods of the value of $2,500, which they claimed under a chattel mortgage and order for delivery from J. R. Turner & Son, of August 22, 1884.

The cause was heard by the court without a jury upon issues joined on several pleas, of which the 6th and 7th presented the defense relied on.

The 6th averred that defendant took the goods in controversy as sheriff under a writ of *fi. fa.* directed to him from the Circuit Court of DeWitt county in favor of Mack, Stadler & Co. against said mortgagors, for $2,366.09, which came to his hands August 21, 1884, that said goods were the property of said J. R. Turner & Son, and subject to said execution, and that plaintiffs acquired their rights from them after said levy.

The 7th set up a writ of *fi. fa.* from the County Court of Peoria county for $368.91, in favor of M. Pettingill & Co., which came to his hands Aug. 4, 1884, with other averments as in the 6th.

To these pleas respectively, besides a general traverse on which issue was joined, plaintiffs replied specially as follows:

To the 6th, that the writ therein described was void in that the pretended judgment on which it issued was not rendered by the court in term time but was entered up by the clerk thereof in vacation by confession under a pretended power of attorney with which no affidavit of its execution was filed; and to the 7th, that the judgment was void as against the firm of J. R. Turner & Son; that it was entered by the clerk in vacation upon confession under a power of attorney which was insufficient to authorize it, and that afterward, on Sept. 8, 1884, said court annulled said judgment and quashed said execution as to J. R. Turner.

A general demurrer to each of these replications was sustained, the issues of fact found for the defendant, and that the right of property was in him; a motion for a new trial overruled, and judgment rendered thereon in his favor for costs and for a return of the goods and a writ of return awarded, from which judgment the plaintiff appealed.

Upon the errors here assigned appellants complain of the ruling of the court in sustaining said demurrers and each of them; in admitting the writ of execution without proof of judgments to support them, and in excluding the evidence offered to show that with the power of attorney mentioned in the replication to the 6th plea no affidavit of its execution was filed, and that the one mentioned in the replication to the 7th was in fact executed by F. E. Turner alone in the name of the firm, without proof of authority from J. R. Turner.

We think the replication to the 7th plea was defective in not averring any fact from which the court could see that the writ therein referred to was void. The subsequent order, by which it was quashed as to J. R. Turner, left it in force as against the other partner, and so a sufficient warrant for levying upon the property of the firm. The same reason justified the exclusion of evidence that F. E. Turner alone executed the power of attorney.

Nor are we prepared to hold that appellee was bound to show a judgment in order to give effect to the execution as an instrument of evidence or a warrant of authority. At the time of the levy the property in the goods was confessedly in J. R. Turner & Son, the execution defendants; and as against appellants, who then had no interest in them except as general creditors, it seems the writ alone was *prima facie* sufficient. Jackson v. Hobson, 4 Scam. 416; Outhouse v. Allen, 72 Ill. 531.

It was competent for them, however, to aver and prove that although regular on its face and apparently a sufficient justification, it was, by reason of some fact appearing *aliunde*, really void; but no such fact was averred or proved, nor was any evidence offered which tended to prove it as to the writ set up in the 7th plea, except what was admitted by the court and

found insufficient to avoid it.    This related to his leaving the goods so long a time in possession of Turner & Son, and permitting them to continue making sale of portions of them. As already stated appellants acquired no interest in them until after he did take possession, and so could not be prejudiced by the previous indulgence shown.    They knew when they took their mortgage that he was then in possession, for the order for delivery received at the same time was upon him, and therefore can not complain that he did not take it sooner.

But we are of opinion the court erred in sustaining the demurrer to the special replication to the 6th plea.    If the facts were as therein averred the writ relied on in that plea was a nullity and could not justify appellee in his detention of the goods after the demand made therefor by appellants.

The entering of judgment in vacation is a statutory proceeding in derogation of the common law by a merely ministerial officer.    He is authorized to act only in cases affirmatively appearing to be within the statute.    Tucker v. Gill, 61 Ill. 241. These are confined to confession by the party himself "or attorney duly authorized."    Practice Act, Sec. 65.    Here it purported to be made by an attorney in fact.    Chase v. Dana, 44 Ill. 262; Tucker v. Gill, *supra*, p. 240.    But it does not appear, there is not the slightest evidence, that he was "duly authorized." The authority of such an agent is never presumed, but must always be proved.    The instrument he presented could not prove it.    It could not prove itself.    Its execution must be shown by evidence *dehors* itself, and in such form that it may be certainly identified and the question of its competency and sufficiency determined whenever occasion may arise, by a judicial tribunal.    Hence, it must not rest alone in the memory of the clerk or others, but in the record and papers filed, and it must be complete when the judgment is entered, because the fact in its nature is, and by the statute is impliedly declared to be jurisdictional.

Upon these considerations no less than upon the terms of the particular acts under which some of the cases arose, we understand that to the validity of such a judgment it is essential not only that proof of the execution of the power of attorney be

made, but that it be made by affidavit. Durham v. Brown, 24 Ill. 93; Roundy v. Hunt, Ibid. 600; Iglehart v. Chicago M. & F. Ins. Co., 35 Id. 515; Stemblock v. Good (App. Ct. 2d Dist.; opinion filed Aug. 7, 1885). In Ball v. Miller, 38 Ill. 111, the court say, "We do not see what other proof could be made in vacation." In some cases an additional fact should be shown, and that affidavit is the form of evidence to be received; see Hinds v. Hopkins, 28 Ill. 344; Rising v. Brainard; 36 Id. 80.

Without proof of its execution no jurisdiction is obtained of the person of the defendant. So expressly held or clearly implied in the cases above cited and also in the following: Iglehart v. Church, 35 Ill. 255; Hall v. Jones, 32 Id. 38; Tucker v. Gill, 61 Id. 238; Frear v. Commercial Nat'l Bk., 73 Id. 473; Anderson v. Field, 6 Bradwell, 313.

Without such jurisdiction the judgment is absolutely void and may be impeached collaterally by any person sought to be affected by it. Waterman v. Jones, 28 Ill. 54; Goudy v. Hall, 30 Id. 109; White v. Jones, 38 Id. 162; Miller v. Handy, 40 Id. 448; Campbell v. M'Cahan, 41 Id. 45; Huls v. Buntin, 47 Id. 396; Haywood v. Collins, 60 Id. 328; Tucker v. Gill, 61 Id. 240; Bannon v. The People, 1 Bradwell, 496; Baldwin v. Freydendall, 10 Id. 111.

It follows that the execution was void also. White v. Jones, 38 Ill. 160; Tucker v. Gill, 61 Id. 241.

Evidence tending to prove it void was admissible under the general traverse of the 6th plea. For that purpose appellants offered the record of the judgment order and the papers filed, together with a written motion in the case, afterward made by the plaintiffs therein and the affidavit in support of it, to amend the record so as to make it show that the clerk heard oral evidence of the execution of the power, and upon that evidence and the papers filed entered the judgment order. This was competent evidence. White v. Jones, 38 Ill. 162; Chase v. Dana, 44 Id. 262; Osgood v. Blackmore, 59 Id. 263; Bannon v. The People, 1 Bradwell, 504 *et seq.* It was therefore error to exclude it.

Thus it appears that the goods in controversy were not subject to the execution set up in the 6th plea. The finding to

the contrary was wrong, and the judgment, so far as it was based thereon, erroneous.    Appellants claiming under a mortgage from the execution defendants, and seeking to avail themselves of the insecurity clause therein, were the general owners within the meaning of the rule declared in Lamping v. Payne, 83 Ill. 466 ; as against the sheriff, Simmons v. Jenkins, 76 Ill. 479 ; and in that case the judgment for defendant should be in the alternative, that plaintiffs pay the amount due upon the valid execution in his hands against the goods or return them to the defendant, and not absolute for a return, as it was in this case.    Peck v. Hubbard, 4 Bradwell, 570.

For the errors above indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.