## PHILLEMON L. AUSTIN

### v.

## MARGARET AUSTIN ET AL., FOR USE, ETC.

*Judgments and Decrees—Jurisdiction of Court—Presumption in Favor of—Intervening Petition, Dismissed for Want of Evidence—Practice.*

1. Where a court of superior general jurisdiction has proceeded to adjudicate and to decree in a matter before it, all reasonable intendments will be indulged in favor of its jurisdiction.

2. Where an intervening petition has been properly dismissed the intervening petitioner can not question the correctness of the distribution of the fund in controversy between the parties to the proceeding.

[Opinion filed January 14, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

On February 16, 1888, E. A. Barnes obtained judgment in the Superior Court against Margaret Austin and P. L. Austin for $259.39; the judgment being by confession upon

a note dated December 7, 1887, for $800, payable four months after date, with a warrant of attorney authorizing any attorney to appear at any time thereafter and confess a judgment for such amount as might appear to be due and unpaid thereon.   Upon the same day said Barnes began garnishee proceedings in the same court against George A. Gary.   Gary filed an answer, stating that he held a note for $806.71, signed by one James McGuire, and secured by mortgage on real estate in Tuscola county, Michigan; that said note was payable to the order of and belonged to the said Margaret Austin, and that he, Gary, had a lien thereon to secure the payment of $527.25 owing by said Margaret Austin to him for services by him rendered for her, and that said Barnes had a lien of $200 on said note.

On April 13, 1889, Edwin H. Brown appeared and filed an intervening petition, alleging that the McGuire note held by the garnishee had been assigned to him prior to the beginning of the garnishment proceedings.   Upon his motion, Charles J. Ford was appointed receiver of said note and mortgage. On October 7, 1889, Brown filed a motion for leave to begin foreclosure proceedings on said McGuire note and mortgage in the Circuit Court of Tuscola County, Michigan, and asked leave to make the receiver a party to such foreclosure suit. The court entered an order, allowing the bringing of such suit and the making of the receiver a party thereto.   Thereupon, in the names of said Brown and said receiver, a bill for the foreclosure of said mortgage was filed in the Circuit Court of Tuscola County in the State of Michigan; said Barnes, Gary and Margaret Austin, with others, being made parties defendant thereto.

Under such proceeding in the Circuit Court of Tuscola County, Michigan, the money due on said note and mortgage was paid into that court, and that court thereby acquired jurisdiction to dispose of such fund among the parties to that suit as it should see fit.   All the parties to the proceeding in the Superior Court disclaimed ever having intended that the fund should thus have passed beyond the control of the Superior Court.

The Circuit Court of Tuscola County, Michigan, after distributing a portion of the fund, directed that the remainder should be held until the final determination of the garnishee proceedings in said Superior Court of Cook County, and all parties were dismissed from said Michigan Court except said receiver, said Barnes, Gary and Brown.

Said Brown having, after the decree of the Circuit Court of Tuscola County, Michigan, refused to comply with an order of the Superior Court, that all the parties before it claiming such fund and asking its assistance to obtain the same, should stipulate that the money then held by the Michigan court be taken therefrom and deposited with Ford, the receiver of the Superior Court, the Superior Court, on the 28th of October, 1890, dismissed the interpleader of said Brown. Two days after such dismissal, appellant, who was one of the parties defendant in the judgment upon which the garnishee proceedings were based, appeared and filed a claim insisting that the McGuire note had been assigned to him about February 1, 1888, and that the judgment upon which the garnishee proceedings were based, was void because, as he insisted, the Superior Court had in entering said judgment, no jurisdiction over the parties against whom it was entered. The cause coming on to be heard, appellant offered no evidence in support of his claim, whereupon the court denied the same, and dismissed his interpleader, and ordered that out of the proceeds of said McGuire note then in the custody of the Circuit Court of Tuscola County, Michigan, when the said proceeds should be brought within the jurisdiction of the Superior Court, there should be paid to said Barnes the sum of $310, and that the amount remaining after the payment to said Barnes, and the payment of certain costs, be delivered to the possession of said Gary; from which order appellant appealed.

Mr. William T. Blair, for appellant.

Mr. John W. Lanehart, for E. A. Barnes, appellee, and George A. Gary, *pro se.*

Waterman, P. J.   More than eighteen months after the

entry of a judgment against him and the beginning of garnishee proceedings based thereon, but immediately after an order had been made dismissing the intervening petition of Edwin H. Brown, appellant appeared as an intervenor and claimed that the McGuire note and mortgage, the proceeds of which was then the subject of the controversy, had been assigned to him by the said Margaret Austin "at the date prior to the said supposed and alleged assignment to the said interpellant, Edwin H. Brown, to wit, on or about February 1, A. D. 1888;" said Phillemon L. Austin also in his intervening claim asserted that the Superior Court had no jurisdiction of the subject-matter of the suit because the Superior Court had no jurisdiction of the defendants in the judgment upon which the garnishee proceedings are based. The intervenor then proceeds as follows:

"Wherefore this interpellant says there is no record of any such judgment."

Appellant upon the hearing did not introduce any evidence to sustain his claim. The garnisheeing creditor, Barnes, introduced the record of the judgment against appellant and Margaret Austin, and thereupon appellant moved to dismiss the action for want of jurisdiction of the court, which motion was denied.

The warrant of attorney under which this judgment was confessed, authorized an entry of the appearance of the defendants at any time after the making of the power, and further authorized a confession of judgment for such amount as might appear to be due and unpaid. What did appear to be due and unpaid? If we look alone at the note, nothing was due, as it bears date December 7, 1887, is payable four months after date, and judgment was entered thereon on the 16th day of February, 1888; but the judgment was entered by leave of court, in term time; and it is therefore in the absence of anything appearing to the contrary, to be presumed that it was duly made to appear to the court that the sum for which judgment was entered was then due. This presumption finds support in the fact that upon this note for $800, judgment was entered for only $259.39. It was perfectly com-

petent for the makers of this note at any time after its execution to have agreed with its holder that it should become due in one or two months from its date. Where a court of superior general jurisdiction has proceeded to adjudicate and to decree in a matter before it, all reasonable intendments will be indulged in favor of its jurisdiction. Osgood v. Blackmore, 59 Ill. 261–266; Martin v. Judd, 60 Ill. 78–83; Thomas v. Mueller, 106 Ill. 36–44; Black on Judgment, Sec. 270; Voorhes v. Jackson, 10 Pet. 449.

In the case of Osgood v. Blackmore, *supra*, speaking of a judgment by confession, the court, after enunciating the principle above set forth, say:

" This being the presumption, then, the court being of general and superior jurisdiction, and being in session when this judgment was rendered, we must presume that the court first heard evidence that the requisite notice was given to render the note due and payable before the judgment was rendered."

The judgment against the Austins was not void and can not be collaterally attacked. It is quite true, as is said by appellant, that the order of judgment made by the court in the garnishee proceeding is unique, but so were the circumstances under which the order was made. The only thing in the order which affected appellant was that which rejected and denied the claim by him set up. There being no evidence to sustain his claim, that portion was certainly proper; that portion of the order being sustained, it is quite immaterial to him what judgment the court gave as to the disposition of funds to which he has no right. The fund may never be brought within the jurisdiction of the court, and so Barnes may never get what the court has said shall be paid to him when the fund again comes within its control; why, however, should appellant object to the fact that there is an uncertainty about Barnes obtaining what the court has found belongs to him, Barnes? The order was, we think, proper under the statute, which authorizes the court to make all orders in regard to the subject-matter of the proceeding which may be necessary or equitable between the parties. Appellant having been rightfully found to have no claim to the fund, is in no

position to insist that the judgment against him and Margaret Austin is void.

Appellant did not and does not set up that the amount of said judgment was not then and is not now justly owing by him to said Barnes; how, then, is he injured by the appropriation of property belonging to his co-defendant to the payment of this just debt? Appellant made no pretense of establishing that he had any right to or interest in this property; it does not appear to have ever been in his custody or control; he has not been ordered to do anything; and the effect of all of which he complains is that the property of his co-defendant has, by a judgment from which she does not appeal, been taken to pay his, appellant's, honest debt.

*Judgment affirmed.*