## CHARLES W. GOSS *vs.* OSCAR CALKINS.

Plymouth.   November 13, 14, 1894. — January 1, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Money Lent — Exceptions — Trial — Law and Fact.*

No exception lies to the refusal of the judge presiding at a trial to rule, at the close of the plaintiff's evidence, that the plaintiff is not entitled to recover, if the defendant does not rest his case upon such evidence.

In an action for money lent, the plaintiff's evidence tended to show that he gave the defendant a bank check for the sum claimed to enable the latter to pay for land which he had bought; and the defendant's evidence tended to show that the plaintiff owed him the whole amount of the check for advances made by him to the plaintiff at different times. There was also evidence tending to show that in proceedings brought in another court the defendant had testified that, at a date later than that of the last alleged advance to the plaintiff, the latter did not owe him anything; that the defendant used the money obtained by him upon the check in payment for land which he had bought; and that the plaintiff expected when he gave the check to have an interest in the land. *Held,* that the case was for the jury upon all the evidence.

CONTRACT, for money lent. At the trial in the Superior Court, before *Bishop*, J., the jury returned a verdict for the plaintiff; and the judge, at the request of the parties, reported the case for the determination of this court. If the judge erred in refusing to give certain rulings requested by the defendant, the verdict was to be set aside and judgment entered for the defendant; otherwise, judgment was to be entered for the plaintiff upon the verdict. The facts sufficiently appear in the opinion.

*B. C. Moulton & E. D. Loring,* (*V. J. Loring* with them,) for the defendant.

*H. H. Chase & F. M. Bixby,* for the plaintiff.

BARKER, J.   1. The exception taken by the defendant to the refusal of the presiding justice to rule, at the close of the evidence for the plaintiff, that upon the evidence the plaintiff was not entitled to recover, need be no further considered than to say that the refusal was not a matter of exception, for the reason that the defendant did not rest his case upon that evidence. *Hurley* v. *O'Sullivan,* 137 Mass. 86, and cases cited.

2. At the close of all the evidence, the defendant requested three rulings: (1) that upon the uncontradicted facts, as shown

by the plaintiff, he could not recover; (2) that upon the uncontradicted facts in evidence, as shown by the plaintiff and the defendant, the plaintiff could not recover; (3) that upon all the facts in the case shown by the plaintiff and the defendant, the plaintiff could not recover. Construing these requests strictly, they must all be held bad, because the trial was to a jury, and the requests required the presiding justice to rule upon facts which it was the province of the jury to find or to decline to find. But we have presumed in favor of the defendant that it was his intention to raise the question of law whether, upon the evidence, the defendant was entitled to have a verdict in his favor ordered by the court, and have considered the evidence in order to decide that question.

The action was in contract, and when the rulings now in question were refused, and the case submitted to the jury, the plaintiff's case stood upon a single count, upon which he sought to recover from the defendant the sum of $3,200 for money lent by the plaintiff to the defendant on May 31, 1893. The answer was a general denial, and there was no declaration in set-off. The action was in the name of the plaintiff, but had been brought by and was prosecuted for the benefit of another person to whom the plaintiff had assigned the demand.

The circumstances which the evidence tended to prove were very unusual, and were such as might well lead the jury to doubt whether the oral testimony of either the plaintiff or the defendant was worthy of credit. The jury may well have found that both had colluded to obtain by means of false testimony the payment to the plaintiff by his trustees of a large sum of money which they could allow the plaintiff to have or could withhold from him in their discretion, and it would not be an unreasonable inference from the evidence that the plaintiff was by his testimony endeavoring to prejudice the rights of the plaintiff in interest, to whom he had assigned the demand in suit.

There was in evidence a bank check for the sum of $3,200, given by the plaintiff to the defendant on May 31, 1893, and it was admitted that the money was drawn upon the check by the defendant. The defendant testified that, substantially, the whole amount of the check was owed to him by the plaintiff, and testified to advances made by him to the plaintiff, the date

of the last one of which previous to May 31, 1893, was March 18, 1893. But there was evidence tending to show that in proceedings brought in the Probate Court to direct the plaintiff's trustees to make him an advancement, and in consequence of which the trustees did in fact advance the plaintiff the sum of $12,000, the defendant had testified in the latter part of April or the first of May, 1893, that the plaintiff did not then owe him a dollar. There was evidence tending to show that the defendant used the money obtained upon the check in payment for land which he had bought, and also that the plaintiff expected when he gave the check to have an interest in the land. But at one stage of the trial the plaintiff testified, in answer to a question why he paid the defendant the check of $3,200 on May 31, 1893, that it was for the reason that the defendant wanted to make up that sum for the land; that he said he ought to have $3,200 to buy the land with, and had paid $300 on it to hold it. He also testified that the defendant before obtaining the check told him that he had got hold of a lot of land and paid $300 to retain it, and wanted to make up $3,200 to get the land, and that he gave it to the defendant in a check and got a receipt from him, which the defendant afterwards took away and altered.

If the plaintiff gave to the defendant a check for $3,200 when he owed the defendant nothing, to enable the defendant to pay for a lot of land which he had bought, the jury might, in view of all the evidence, find that the transaction was a loan from the plaintiff to the defendant; and it was within their power to disbelieve the evidence which tended to show that the plaintiff gave the check either in payment of his indebtedness to the defendant, or with the purpose of becoming a part owner of the land.

In our opinion, the case was for the jury, upon all the evidence, and, in accordance with the terms of the report, there must be judgment for the plaintiff upon the verdict.

*So ordered.*