*W. H. Cobb & L. LeB. Holmes*, for Chadwick.

---

## ELLA M. WILD *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.    March 9, 1898. — May 20, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Fire set by Locomotive Engine — Measure of Damages — Contributory Negligence — Statute — Law and Fact.*

At the trial of an action of tort to recover the value of a building destroyed by fire communicated by one of the defendant's locomotives, there was evidence tending to show that when the engine passed the building, which stood close to the track, it was throwing smoke and sparks, and the wind was blowing across the track toward the building; that shortly afterward fire was discovered, and was first seen in some hay in the basement of the building under a broken window which was in the side of the building next to the track; that there had been no fire in the office or the engine-room of the building for several days previous; and that the locomotive was equipped with a spark arrester and a netting in the smokestack, and was not known to be a spark thrower. *Held*, that the evidence warranted a finding that the fire was communicated by the locomotive.

The owner of a building in which hay is stored, who suffers a window on the side

of the building parallel with and near to a railroad track to remain broken for two or three days, cannot be held guilty of such contributory negligence as to preclude his right to recover damages for the loss of the building by fire set by a spark which flew into the window from a passing locomotive.

The St. 1895, c. 298, relative to damages from fires communicated by locomotive engines, is not retroactive, and does not modify the rule of damages in a cause of action for a loss occasioned by fire set by a locomotive engine arising prior to its enactment.

No exception lies to the refusal of the judge presiding at the trial of an action to withdraw the case from the jury at the close of the evidence for the plaintiff, unless the defendant rests on the same evidence.

TORT, for damages occasioned by the loss of the plaintiff's mill and grain elevator, on January 18, 1891, by a fire communicated by one of the defendant's locomotives. Writ dated August 12, 1896. The plaintiff alleged in the declaration that she brought the action for the insurance companies to the extent of the amounts paid by them, and for her own use and for the excess of her loss over said amounts and interest. Trial in the Superior Court, before *Braley,* J., who allowed the following bill of exceptions.

The plaintiff's mill was in Billerica, and its westerly end stood about fifteen feet from the defendant's railroad track. It was a wooden building, two stories high, upon stone foundations. On the side nearest to the railroad there were four basement windows, in one of which, for two or three days previous to the fire, there had been, to the knowledge of the occupants, a broken pane of glass. There was an office containing a stove, and an engine in the building, and in a shed or "lean to" a boiler; but there was no fire in the office stove on the day of the fire, and there had been none in the boiler furnace for two days prior thereto. The basement was stored with merchandise, and near the broken window pane was a quantity of hay.

At about noon on the day of the fire the defendant's locomotive engine passed the plaintiff's mill with a train of cars, puffing hard and throwing smoke and sparks, and a wind was blowing at that time across the track toward the mill, and the weather was misty and sleety. The fire was discovered a short time thereafter, and when first seen was in the hay under or nearly under the broken window. The building and contents were destroyed, and the plaintiff afterward received $4,500 insurance thereon.

At the close of the plaintiff's case the defendant requested the

judge to rule that the plaintiff was not entitled to recover, but the judge refused so to rule, unless the defendant would also rest. The defendant declined so to do, and excepted to the judge's refusal to rule as requested.

The defendant then offered evidence tending to prove that rain was falling on the day of the fire; that the engine was equipped with a spark arrester, and had a heavy netting in the smokestack, and was not known to throw sparks; that when passing the plaintiff's mill the fire of the engine was not being stirred, nor was the engine throwing sparks.

The defendant requested the judge to rule: 1, that upon all the evidence the plaintiff was not entitled to recover; 2, that the conduct of the plaintiff, either by way of contributory negligence or else as furnishing proximate cause for the fire, was such that she was not upon the evidence entitled to recover; 3, that, under the St. 1895, c. 293, relative to damages from fires communicated by locomotive engines, the measure of damages was the fair value of the property, as shown by the evidence, upon the day of the fire, less the amount received by the plaintiff for insurance thereon.

The judge declined to rule as requested, and ruled that, if the action could be maintained, the plaintiff was entitled to recover the fair value of the property at the time it was burned.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*S. Butler*, for the defendant.

*A. D. Hill*, (*H. E. Bolles* with him,) for the plaintiff.

MORTON, J. We think that there was evidence which warranted a finding by the jury that the fire was communicated by the locomotive. There was testimony tending to show that it was discovered only a short time after the locomotive had passed, and when first seen was in the hay which was under or nearly under the broken window that was in the side of the building next to the track. There was also testimony tending to show that when the locomotive passed the building it was "throwing smoke and sparks," and that on the day of the fire there had been no fire in the office stove and for a day or more none in the engine-room, which were the only places in the building where there ordinarily would be fire. Whether the direction of the

wind and the state of the weather were such that the fire could have caught from a spark from the locomotive, or whether, in view of the history and construction of the locomotive, a spark could have escaped from it, or would have been likely to have escaped from it, were questions of fact for the jury.

It is possible that the law is stated too strongly in regard to the doctrine of contributory negligence in *Wall* v. *Platt*, 169 Mass. 398, 405. But, however that may be, we think that it cannot be held, as matter of law, that one who suffers a window to remain broken for two or three days, as there was testimony tending to show was the case here, in the side of a building in which hay is stored next and near to a railroad track, is guilty of such contributory negligence in case a spark from a locomotive enters the broken window and sets the building on fire as to prevent him from recovering. The strongest that it can be put for the defendant is that the question is one for the jury to determine.

The fire occurred on January 18, 1891. The writ is dated August 12, 1896. The rights and liabilities of the parties are to be determined as of the date of the fire, unless something has occurred in the mean time to change them. The defendant contends that the St. 1895, c. 293, has modified the rule of damages so that the plaintiff, if entitled to recover at all, is entitled to recover only the fair value of the property less the amount received by her for insurance thereon. The general rule is, that statutes operate prospectively, and not retrospectively, " unless it is otherwise distinctly expressed in them, or clearly implied from the necessity of thus giving effect to their provisions." *Shallow* v. *Salem*, 136 Mass. 136. There is nothing in the statute referred to which in express terms renders it retroactive, and we discover nothing in it which renders it necessary to so construe it in order to give effect to its provisions, or which takes it out of the operation of the general rule.

The request for a ruling that, on the plaintiff's evidence, she was not entitled to recover, was rightly refused. The state of the evidence would not have justified such a ruling. Moreover, the defendant did not rest at the conclusion of the plaintiff's evidence, and therefore was not entitled to an exception to the refusal of the court to give the ruling asked for. *Goss* v. *Calkins*, 162 Mass. 492.                              *Exceptions overruled.*