JOHN S. TODD *vs.* ALVAN D. MACLEOD.

Norfolk.   January 27, 1905. — May 18, 1905.

Present: KNOWLTON, C. J., MORTON, LORING, & BRALEY, JJ.

*Practice, Civil,* Exceptions.

Where by a bill of exceptions it appears that at the close of the plaintiff's evidence the judge refused to rule that the plaintiff could not recover except for certain items admitted to be due, that thereupon the trial proceeded and the defendant put in his evidence, and that upon the whole evidence the judge found for the plaintiff for the entire sum claimed, an exception by the defendant to the judge's ruling cannot be sustained, whether the ruling was correct or not, for the plaintiff's case if originally insufficient may have been completed by the evidence put in by the defendant so as to justify the finding on all the evidence.

LORING, J.   This is a petition to enforce a mechanic's lien. The petitioner was under a contract with one Boyden to do the

tinning, gas fitting and plumbing on a house which was being built by Boyden. The petitioner stopped work in August, took away part of his tools then, and in September took away the rest of them. On October 28, he put in a length of brass tube in place of one which was defective, adjusted the valves in the tanks and turned on the water. He testified that he did this work at the request of one Jameson, who was the agent of the respondent (the respondent apparently bought the house of Boyden) and was not the agent in any way for Boyden. The petitioner also testified that Jameson told him he was the agent of the respondent and he asked him (the plaintiff), in behalf of the tenant, to go and fix the leak to keep the tenant from moving out.

The bill of exceptions ends as follows: "At the end of the petitioner's evidence the respondent requested the court to rule that the petitioner could not recover except for the October items, which items the respondent admitted were owed by him (this work being ordered by him directly and which he claimed was not a part of the original contract). The ruling was refused, an exception was duly taken by the respondent, and allowed; the trial of the case thereupon proceeded, the respondent put in his defence, and upon the whole evidence a finding was made for the entire sum claimed by the petitioner. By reason of the aforesaid rulings and refusal to rule, the respondent was aggrieved and duly excepted, and prays that his exceptions may be allowed."

It is not entirely clear whether the bill of exceptions is not to be taken to state that the presiding judge refused the ruling asked for because he refused to make any ruling on the sufficiency of the petitioner's evidence unless the respondent rested his case on that evidence, as to which see *Goss* v. *Calkins*, 162 Mass. 492; *Wild* v. *Boston & Maine Railroad*, 171 Mass. 245. But passing that by, the difficulty is that we do not know what evidence was put in by the respondent. The statement in the bill of exceptions is that after the ruling on the sufficiency of the petitioner's evidence "the trial of the case thereupon proceeded, the respondent put in his defence, and upon the whole evidence" a finding was made for the petitioner. How can we say that the evidence subsequently put in by the respondent did not make plain what was doubtful on the petitioner's evidence?

In that case the respondent was not injured by this ruling on the sufficiency of the petitioner's evidence, if it was wrong.

The case comes within the rule that the exceptions must show error, and an exception to a ruling as to the sufficiency of evidence which does not state that the evidence ruled upon was all the evidence on the point will not be sustained, even if so far as appears it was erroneous. *Monaghan* v. *Goddard*, 173 Mass. 468.

*Exceptions overruled.*

*E. S. Spalding* for the respondent.
*W. S. Pinkham*, for the petitioner.