LAWRENCE READE *vs.* WOBURN NATIONAL BANK & others.

Suffolk.   January 18, 1912. — February 29, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Mortgage,* Of personal property: foreclosure by notice, redemption.  *Equity Pleading and Practice,* Memorandum of judge as to interlocutory order.

Review by DeCOURCY, J., of the successive statutes of this Commonwealth relating to the recording of notice of an intention to foreclose a mortgage of personal property.

In a foreclosure of a mortgage of personal property by notice, without a sale under a power, R. L. c. 198, § 6, requires not only the recording of the notice of the intention to foreclose but also the recording with it of an affidavit of the service of the notice, and the "sixty days after such notice is so recorded," within which the mortgaged property may he redeemed under § 7 of the same chapter, does not begin to run from the recording of such a·notice with the officer's return of· service thereon without an affidavit.

Upon an appeal from a final decree dismissing a bill in equity, a memorandum previously made by the trial judge in granting an interlocutory motion to dissolve a temporary injunction does not affect the final decree appealed from.

BILL IN EQUITY, filed in the Superior Court, as amended by consent and leave of court, on June 10, 1909, as of May 14, 1909, to redeem certain horses and other personal property from a chattel mortgage.

The case was referred to Ralph E. Joslin, Esquire, as master. Later the case was heard by *Dana,* J., upon the master's report and exceptions thereto. The judge made a final decree that the first and ninth exceptions of the defendants Harlow and Cummings and the first exception of the defendant bank be sustained, all other exceptions being waived, that upon the facts stated in the master's report the foreclosure of the mortgage was valid and effectual and that the bill be dismissed. The plaintiff appealed.

The exceptions of the defendants Harlow and Cummings sustained by the judge were as follows:

" 1. Because the master finds, as a matter of law, that the Woburn National Bank did not legally and effectually foreclose the mortgage of March 13, 1907, given by the plaintiff to Charles

Cummings and assigned by Cummings to said bank, although the facts found by the master clearly show that the foreclosure of said mortgage was legal and effectual."

" 9. Because upon the evidence and the facts found and reported by the master the title to the property passed to the bank by the foreclosure, then from the bank to Cummings by the transfer, then from Cummings to Harlow by the bill of sale, and the master erred in his ruling that the plaintiff has a right to redeem the mortgaged property upon paying to Cummings a certain amount of money."

The exception of the defendant bank sustained by the judge was in substance the same as the first exception quoted above.

The motion to dissolve the injunction, which is referred to in the opinion, was as follows: "Now comes the respondent Florence S. Harlow and moves that the injunction previously ordered in this case be dissolved upon the ground that · the facts found and reported by the master show that the plaintiff has no right to have said injunction continued, and upon the further ground that the property is being damaged and much depreciated in value by being held in storage." The memorandum of the judge referred to in the opinion was as follows: "Motion to dissolve injunction granted. It does not appear to the court, that the plaintiff has the ability or the intention to redeem, or that the master's ruling relative to the foreclosure of the mortgage is justified upon the facts set forth in the report and made the basis of said ruling."

The facts found by the master are stated in, the opinion.

*W. H. Brown*, (*W. H. Kenny* with him,) for the plaintiff.

*H. P. Johnson*, (*E. Johnson* with him,) for the defendant bank.

*W. R. Lang*, for the defendants Harlow and Cummings.

DeCourcy, J. The master has found that the defendant bank did not legally and effectually foreclose the mortgage of March 13, 1907, upon the property of the plaintiff held by it as collateral security. Exception was duly taken thereto by the defendants Cummings, Harlow and the Woburn National Bank, and the judge of the Superior Court sustained the exception, ruled that upon the facts stated in the master's report the foreclosure of the mortgage was valid and effectual, and ordered that the plaintiff's bill

be dismissed. The plaintiff's appeal from the final decree brings before us for consideration the validity of said foreclosure.

The contention of the plaintiff is that the attempted foreclosure was ineffective for two reasons: First, because the statutory requirements in foreclosure proceedings were not complied with; and second, because the attempted foreclosure was abandoned or waived. We shall have occasion to consider only the former; and the facts involved, as found by the master, are as follows:

The plaintiff being in default, the cashier of the bank, in compliance with a vote of the directors on January 18, 1909, caused a notice of foreclosure under R. L. c. 198, § 5, to be served upon the plaintiff by a deputy sheriff. It embraced two mortgages given by the plaintiff to the defendant Cummings, dated respectively March 13, 1907, and May 13, 1908, and both assigned to the defendant bank on December 28, 1908. The notice and the officer's return thereon were duly recorded in the office of the city clerk of Woburn on January 19, 1909. As the horses covered by the mortgage of May 13, 1908, have since been sold by the plaintiff with the consent of the bank and of Cummings this later mortgage is of no importance.

Where a mortgagee undertakes to foreclose a mortgage of personal property by merely giving written notice of his intention to do so, the statute expressly provides that "the notice, with an affidavit of the service thereof, shall be recorded wherever the mortgage is recorded." R. L. c. 198, § 6. It is conceded that no affidavit of service was made in this case, but only the ordinary return unsupported by an affidavit. Hence arises the controlling question, whether the mortgage was effectually foreclosed by force of R. L. c. 198, § 7, which provides: " If the condition is not performed or tender of performance made within sixty days after such notice is so recorded, the right to redeem shall be foreclosed."

In terms at least the statutory requirement of an affidavit of service is mandatory. The provision for recording made indispensable by the statute is one that applies equally to the notice and the affidavit. No foreclosure is complete until sixty days after the recording of " such notice," which apparently refers to the notice with the affidavit, as the recording of no other notice is mentioned in § 6 of the statute.

The history of the statute is consistent with the view that an affidavit of service of the notice is essential to the validity of such foreclosure without sale. At common law the mortgage gave an absolute title to the mortgagee on breach of condition with no right of redemption in the mortgagor. Under Rev. Sts. c. 107, § 4, the mortgagee was allowed to redeem within sixty days after condition broken, unless the property was sold in the meantime. By St. 1843, c. 72, § 1, the mortgagor's rights could not be forfeited until sixty days after written notice to him of the mortgagee's intention to foreclose the mortgage, and the recording of the notice was required. The making and recording of an affidavit of the service of notice of intention to foreclose first appears in St. 1858, c. 3, where such affidavit apparently was left optional with the mortgagee; but the affidavit when made and recorded before foreclosure became evidence of the service. The commissioners appointed for the consolidation and arrangement of the statutes, in c. 151, §§ 6, 7, 8 of their report, retained the statutes of 1843 and 1858, adding only a requirement for the recording not merely of the affidavit but of the same " with the notice." But the joint special committee of the Legislature struck out these sections of the report of the commissioners, and recommended new provisions which made the recording of the notice with an affidavit of service mandatory. These recommendations were adopted by the Legislature and were enacted in Gen. Sts. c. 151, § 7; and since 1860 the law has remained substantially unchanged. Pub. Sts. c. 192, § 8. R. L. c. 198, § 6.

The importance of the change from the earlier statute does not, however, consist in the mere fact that the making and recording of the affidavit has become mandatory, but in the consequence which follows the failure to make and record such affidavit. When the title of mortgaged propety becomes vested in the mortgagee by a sale under the power in a mortgage, the failure to record a copy of the statutory notice of sale and affidavit will not defeat the title already vested by the sale. *Field* v. *Gooding*, 106 Mass. 310. But under the statute in question the mortgagee who sees fit to foreclose without a sale obtains no title by foreclosure which will defeat the plaintiff's right to redeem, unless and until sixty days elapse after the recording of the notice and affidavit. In the present case the recording of the notice only, without the equally essential

affidavit, did not set running the sixty days necessary to foreclose the plaintiff's rights.

That the mortgagee should be compelled to comply strictly with the terms of the statute does not seem unreasonable; especially as it never took possession of the property. The bank might have foreclosed by selling the horses and other property at public auction under the powers contained in the mortgage; and the surplus, if any, would have been paid to the plaintiff. A foreclosure by notice, if the mortgagee complies with the provisions of the statute and there is anything due on the mortgage, deprives the mortgagor of all interest in the property. *Burtis* v. *Bradford,* 122 Mass. 129.

We are of opinion that the bank did not legally and effectually foreclose the mortgage of March 13, 1907, and that the exceptions of the defendants to the master's report should be overruled. This renders it unnecessary for us to consider the other objections to the alleged foreclosure that are raised by the plaintiff. As the master finds that the several defendants had full knowledge and notice of all the facts, their titles are subject to the plaintiff's right to redeem.

The memorandum of the judge on the interlocutory motion to dissolve the injunction was not a finding on the merits, and does not affect the final decree from which the plaintiff appealed.

*Decree reversed.*