SAMUEL BROWN *vs.* JAMES LEARMOUTH.

Suffolk.    October 16, 1917. — November 27, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Municipal Court of the City of Boston.  Practice, Civil,* Findings of fact, Requests
for rulings, Rules of court, New trial.  *Mortgage,* Of real estate: foreclosure.
*Notice.*

A finding of a judge of the Municipal Court of the City of Boston, reported to the
Appellate Division, that there was a default in the payment of the principal and
interest of a certain mortgage, cannot be said as matter of law to have been un-
warranted, where all the evidence is not reported.

Under R. L. c. 187, § 14, which requires that notice of a foreclosure sale under a
mortgage shall be published "in a newspaper, if any, published in the city or
town in which the land lies; otherwise, in a newspaper published in such county,"
a publication in a newspaper published in the town which is the county seat of
the county in which the land lies is sufficient, although the land does not lie in
that town and although there is a newspaper which purports on its title page to be
published in a part of the town where the land lies and has a circulation therein,
if such newspaper is in fact published in another town in another county and a
warranted finding is made that no newspaper is published in the town in which
the land lies.

Under Rule 37 of the Municipal Court of the City of Boston, which requires that
"Requests for rulings in the trial of causes shall be in writing and presented to
the court before the closing arguments unless special leave is given to present
further requests later," it is for the trial judge to determine whether the rule
has been complied with, and where his decision on this matter has been affirmed
by the Appellate Division, it is not open to question in this court.

A judge of the Municipal Court of the City of Boston, who after hearing a case had
found for the defendant and had denied a motion of the plaintiff for a new trial,
made the following report to the Appellate Division: "I hereby report the court's
order denying the plaintiff's motion to the Appellate Division for its determina-
tion, if I have the power to make such report."  On an appeal from an order of
the Appellate Division dismissing the report, it was *said* that, even if the judge's
action in reporting his denial of the motion for a new trial gave the Appellate
Division jurisdiction of the question, the motion was addressed to the discretion
of the trial judge and there was no ground for questioning its proper exercise by
him.

TORT, with a declaration in two counts, each for the same cause
of action, to recover $2,000 damages for an alleged wrongful ex-
ercise of a power of sale contained in a mortgage in a foreclosure
sale on May 31, 1915, of certain real estate of the plaintiff in the
town of Medway in the county of Norfolk, it being alleged that

there had been no breach of condition at the time of the foreclosure sale and also that the statutory requirements were not complied with. Writ in the Municipal Court of the City of Boston dated September 6, 1916.

The judge of the Municipal Court made the following special findings and rulings:

"1. I find that at the time of the foreclosure sale the plaintiff was the owner of the equity of redemption of the premises referred to in the declaration.

"2. That when foreclosure proceedings were instituted there was a default in the payment of the principal sum mentioned in the condition of said mortgage.

"3. That there is no newspaper published in the town of Medway; that there is a newspaper, the West Medway Gazette, which is published in Milford in the county of Worcester, but which purports on its title page to be published in West Medway, a part of said town of Medway and which has a circulation therein.

"4. That notice of said foreclosure sale was not published in said West Medway Gazette, but was published in a newspaper published in said county of Norfolk, but not in said Medway.

"5. I rule as a matter of law that the publication of said notice in a newspaper published in said county of Norfolk was a good and sufficient publication thereof."

The judge found for the defendant, and at the plaintiff's request reported the case to the Appellate Division, the report containing, among other facts, those that are stated in the opinion. The report also stated that the judge had denied a motion of the plaintiff for a new trial, and concluded as follows: "I hereby report the court's order denying the plaintiff's motion for a new trial to the Appellate Division for its determination, if I have the power to make such report."

In the Appellate Division the plaintiff moved that there might be incorporated into the report the plaintiff's request in writing for rulings, which he alleged had been presented to the trial judge in due season. The motion was denied.

The Appellate Division made an order denying the motion to amend the report and ordering that the report be dismissed. The plaintiff appealed.

R. L. c. 187, § 14, is as follows: "The mortgagee or a person

who has his estate in the land mortgaged or a person authorized by the power of sale may, upon a breach of the condition and without action brought, do all the acts authorized or required by the power; but no sale under such power shall be effectual to foreclose a mortgage, unless, previous to such sale, notice thereof has been published once in each of three successive weeks, the first publication to be not less than twenty-one days before the day of sale, in a newspaper, if any, published in the city or town in which the land lies; otherwise, in a newspaper published in such county."

St. 1912, c. 360, § 1, is as follows: "Whenever notice, advertisement or publication in connection with the foreclosure of mortgages or sales of real estate for non-payment of taxes or under execution is required by law, or otherwise, to be made or published in a newspaper printed or published in a town, city or county within the Commonwealth, such notice, advertisement or publication shall be sufficient for all purposes if made in a newspaper printed or published, or which shall by its title page purport to be printed or published, in such town, city or county, and which shall have a circulation therein."

Rule 37 of the Municipal Court of the City of Boston is as follows:

"Requests for rulings in the trial of causes shall be in writing and presented to the court before the closing arguments unless special leave is given to present further requests later.

"A request for a report to the Appellate Division shall contain a clear and concise statement of the ruling upon which a re-hearing is requested, sufficiently full and accurate for identification."

*N. Barnett*, for the plaintiff.

*J. E. Crowley*, for the defendant.

BRALEY, J. The report recites that the defendant introduced "evidence tending to show that the plaintiff was in default of payment upon principal and interest on the second mortgage, and interest upon the first mortgage," and the trial judge so found. The plaintiff's contention is that these findings are unwarranted. But, all the evidence not being reported, we are unable to say as matter of law that the findings should be set aside. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89. *Cohen* v. *Longarini*, 207 Mass. 556. *Savage* v. *Collins*, 211 Mass. 472.

It is also urged that the foreclosure is invalid because no legal notice was published. The language of the power of sale does not appear. The mortgaged premises were situated in the town of Medway in Norfolk County, and the judge has found that notice of the sale was duly published in the Dedham Transcript, a newspaper printed at Dedham, the county seat. If it be assumed in favor of the plaintiff, on whom the burden rests to show he has been prejudiced, that the power called for publication in some newspaper published in the town where the land lay, the finding is, that the West Medway Gazette is published at Milford in the county of Worcester, and the ruling that the publication in the Transcript was sufficient, is in accordance with R. L. c. 187, § 14, and St. 1912, c. 360. *Rose* v. *Fall River Five Cents Savings Bank*, 165 Mass. 273.

Nor does any error of law appear in the denial by the Appellate Division of the plaintiff's motion to have the report of the trial judge so amended as to incorporate certain requests for rulings alleged to have been seasonably proffered and saved. It was for that court to determine whether the plaintiff had complied with its thirty-seventh rule, that "Requests for rulings in the trial of causes shall be in writing and presented to the court before the closing arguments unless special leave is given to present further requests later."

The plaintiff's motion for a new trial was addressed to the discretion of the trial judge, even if by his second report he gave the plaintiff an opportunity to review his action before the appellate tribunal, which dismissed both reports.

The plaintiff having failed to show error the entry must be

*Order dismissing reports affirmed.*