RUTH A. FREED *vs.* LOUIS ROSENTHAL.

Suffolk.   October 16, 1918. — November 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Municipal Court of the City of Boston,* Findings of judge.   *Mortgage,* Of personal property: foreclosure under power of sale.  *Conversion.   Auctioneer.*

Where in a report made by a judge of the Municipal Court of the City of Boston to the Appellate Division of that court certain findings of fact are stated but all the evidence is not reported, the findings of the judge must be accepted; and this is true of his findings which, although not stated expressly, are necessarily involved in the rulings and findings made by him.

A mortgage of chattels gave to the mortgagee upon breach of a condition of the mortgage a power of sale, which provided that the mortgagor should be notified

in the manner provided by R. L. c. 198, § 5, "of the time and place of any such sale to be made in foreclosure proceedings, at least seven days before such sale." The section of the statute referred to requires notice in writing, "which shall be served by leaving a copy with the mortgagor or person in possession of the property claiming the same or by publishing it at least once in each of three successive weeks" in such a newspaper as is described. There having been a breach of the conditions of the mortgage, the holder of it employed an auctioneer, who gave notice of a sale to be made under the power above described by publication in a suitable newspaper in a form to which no objection was made. The notice was of a sale to take place on July 10. The notice was published on June 30, July 2 and July 9. On July 10 the sale was continued to July 13 and then was made. The mortgagor, in an action against the auctioneer for an alleged conversion of the mortgaged chattels sold by the defendant at public auction, contended that the sale was invalid because the last publication of the notice of the sale did not precede the date of sale by seven days. *Held,* that by the terms of the power only seven days' notice of the sale was required and that the first publication, which was ten days before the date named for the sale, gave such notice.

In the case above described it also was *held* that the defendant auctioneer had a right in the exercise of a sound discretion to adjourn the sale and that the adjourned sale when made was in effect the sale of which previous notice had been given.

In the same case it was *said* that, although the auctioneer published a notice of the adjourned sale, he was under no legal obligation to do so, provided he acted reasonably and in good faith.

In the case above described it also was *said* that, so far as the parties to the mortgage, in fixing the kind and the manner of service of the notice required by their agreement, adopted the provisions of R. L. c. 198, § 5, in relation to notice, there appeared to have been a compliance with the terms of the statute.

TORT against an auctioneer for the alleged conversion of certain furniture belonging to the plaintiff, which was sold at public auction by the defendant, who was employed by one Ginsburg, the assignee of a mortgage on the furniture, and assumed to act under a power of sale contained in the mortgage. Writ in the Municipal Court of the City of Boston dated August 31, 1917.

The facts found by the judge of the Municipal Court are stated in the opinion. At the request of the defendant the judge made the following rulings, which are referred to in the opinion:

"5. That the assignee of the mortgage had a legal right to the possession of the personal property described in the mortgage for a breach of condition by the mortgagor."

"8. That the mortgagee had a legal right to foreclose in the manner provided under the power of sale in the mortgage."

"11. The holder of the mortgage had a legal right to proceed

with the foreclosure in accordance with the power of sale contained in the mortgage.

"12. That the provision of chapter 727 of the acts of 1911, of this Commonwealth [the small loans act], concerning notice of sale to the mortgagor, did not affect the rights of the holder of the mortgage in these proceedings to conduct his sale under the power granted in the mortgage.

"13. A tender of the amount due under the mortgage was not valid unless it was made to the proper party by the mortgagor or a person who was duly authorized by her, or a person having an interest in the property.

"14. That the husband of the mortgagor was not such a person having an interest in the property contemplated by law for the purpose of making a tender."

The judge made the following finding: "I find as a fact and rule as a matter of law, that the notice of foreclosure was not in accordance with the terms of the statute. I find that the plaintiff did not ratify the foreclosure proceedings." He found for the plaintiff in the sum of $350, and at the request of the defendant reported the case to the Appellate Division. The Appellate Division ordered the entry of judgment for the defendant; and the plaintiff appealed.

*N. Barnett,* for the plaintiff.

*A. E. Rose,* for the defendant.

DE COURCY, J. The plaintiff on May 4, 1917, mortgaged her lodging house furniture to Albert J. Benfield, to secure a loan payable in weekly instalments. The mortgage was assigned to Albert Ginsburg on June 27, 1917. The defendant, an auctioneer, was employed by counsel for Ginsburg to give notice to the plaintiff and to sell the property in accordance with the provisions of the mortgage. Until about June 27, the furniture remained in the possession of the plaintiff at 79 Rutland Street. At that time the assignee, Albert Ginsburg, entered and took possession of it for breach of condition of the mortgage; and the property later was removed to 682 Tremont Street without the knowledge or consent of the defendant or of the plaintiff.

The defendant caused to be published in the Boston Globe of June 30, July 2 and July 9, 1917, a notice that the mortgaged property would be sold at public auction on the premises numbered 79 Rutland Street on Tuesday July 10, at 10 A.M.; the notice

purporting to be signed by "Albert Ginsburg, present holder of mortgage." On July 10 the sale was duly continued to July 13, when the property was sold at public auction to the highest bidder.

The plaintiff brought this action against the defendant as auctioneer for alleged conversion, claiming that the sale was unlawful because not made in compliance with the terms of the mortgage and "the terms and provisions of the law as contained in the statutes." The judge of the Municipal Court (from whose report the foregoing facts are taken), found for the plaintiff. Susbequently the Appellate Division ordered judgment for the defendant; and the plaintiff appealed therefrom.

In support of her contention that the order of the Appellate Division should be reversed, and the decision of the single judge affirmed, the plaintiff argues, among other things, that there was no breach of the conditions in the mortgage; that she made a proper tender of payment; and that the mortgage was invalid as not being in compliance with the small loans act, St. 1911, c. 727. But we must accept the judge's findings on these questions, as all the evidence is not reported. It is apparent from his rulings on the defendant's requests numbered 5, 8, 11, 13 and 14 that the judge found there was a breach of condition, and that no proper tender was made; and from his ruling numbered 12, that the provisions of the small loans act relating to notice were not applicable to the sale in question.

In finding for the plaintiff he expressly states in his report: "I find as a fact and rule as a matter of law, that the notice of foreclosure was not in accordance with the terms of the statute." But the kind of notice of the sale which was necessary was stipulated by the parties. See *Clark* v. *Simmons*, 150 Mass. 357, 359.

The power of sale in this mortgage provided that "upon breach of foregoing conditions or any of them the grantee may sell all or any of said goods and chattels at public auction, provided that the grantors shall be notified in the manner provided in Section five of Chapter one hundred and ninety eight of Revised Laws of the time and place of any such sale to be made in foreclosure proceedings, at least seven days before such sale." R. L. c. 198, § 5, referred to in the above power, reads as follows: "The mortgagee or his assigns may, after breach of condition and subject to

the provisions of section fifty-four of chapter one hundred and two, give to the mortgagor, or to the person in possession of the property claiming the same, written notice of his intention to foreclose the mortgage for breach of the condition thereof, which shall be served by leaving a copy with the mortgagor or person in possession of the property claiming the same, or by publishing it at least once in each of three successive weeks in one of the principal newspapers, if any, published in the city or town in which the mortgage is properly recorded or in which the property is situated; otherwise, in one of the principal newspapers published in such county."

The reference in said § 5 to the provisions of R. L. c. 102, § 54, has no application to the case before us. The notice with which said § 54 deals is one of intention to foreclose a mortgage of personal property, not by sale, but by notice and sixty days' possession, — as to which see *Reade* v. *Woburn National Bank,* 211 Mass. 320. In the present case it was the duty of the assignee to notify the plaintiff at least seven days before the foreclosure sale "in the manner provided in" said § 5: that is, either by leaving a copy, or by publication, as above set forth. The defendant duly published the notice in a suitable paper, in a form to which no objection was made.

The contention of the plaintiff that the sale was invalid because the last publication of the original notice did not precede the date of sale by seven days, cannot prevail, in view of the language of the power. The first publication on June 30 was notice; and being more than the required seven days before the date of the sale was in compliance with the terms of the power. *Bell Silver & Copper Mining Co.* v. *First National Bank of Butte,* 156 U. S. 470. *Magnusson* v. *Williams,* 111 Ill. 450. *German Bank* v. *Stumpf,* 73 Mo. 311. *Bailey* v. *Hendrickson,* 25 No. Dak. 500. The defendant had a right in the exercise of a sound discretion to adjourn the sale, and the adjourned sale when made was in effect the sale of which previous notice had been given. Although he published a notice of the adjourned sale, he was under no legal obligation to do so, provided he acted reasonably and in good faith. *Hosmer* v. *Sargent,* 8 Allen, 97. *Dexter* v. *Shepard,* 117 Mass. 480. *Way* v. *Dyer,* 176 Mass. 448.

As the sale was made under the power contained in the mortgage, the kind and service of notice required were such as the

parties therein stipulated. So far as the terms of the power adopted the provisions of R. L. c. 198, § 5, relating to the notification to be given, there appears to have been a compliance. The defendant had no interest in the mortgage. It was his duty to conduct a proper foreclosure sale as auctioneer, and he was further employed to give notice to the plaintiff in accordance with the provisions of the mortgage. So far as the record discloses he committed no breach of the legal duty which he owed to the plaintiff.

*Order of judgment for the defendant affirmed.*