## ARGUED AND DETERMINED

### IN THE

# SUPREME JUDICIAL COURT

### OF

# MASSACHUSETTS.

---

ERNEST L. SAUNDERS *vs.* SMITH GRANITE COMPANY.

Suffolk. November 15, 1918. — January 6, 1919.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Practice, Civil,* Appeal. *Municipal Court of the City of Boston. Damages,* In contract.

On an appeal to this court from an order of the Appellate Division of the Municipal Court of the City of Boston, where the report of the trial judge to the Appellate Division shows that there was evidence warranting his findings of fact, such findings cannot be reviewed by this court.

In an action to recover damages for the breach of a contract, to employ the plaintiff for a year to perform services in selling the defendant's product which required special knowledge of that product, by wrongfully discharging him on the second day of his employment, the judge ruled that, if the plaintiff was entitled to recover, such recovery must be limited to the amount payable under the contract for the period for which he sought damages less such sum as he could have earned during that period, and found that the plaintiff was entitled to recover for the period sued for the full amount to be paid for his services during that period under the contract.. The defendant contended that this finding must be wrong, because, considering the condition of the labor market at the time of the plaintiff's discharge, there should have been a deduction for what the plaintiff could have earned during the period for which he sought damages, but it was *held,* that this was a matter of fact which was disposed of by the finding of the judge, and, moreover, that one who has been employed in a special service is not bound to reduce damages for his wrongful discharge by engaging in a business that is not of the same general character.

CONTRACT, for $160 alleged to be due to the plaintiff under a contract in writing by which the plaintiff agreed for one year from April 9, 1917, "to devote his entire time, energy and skill to the selling of the products of" the defendant "in the various forms as manufactured and quarried by them, especially cemetery work in all its details," alleging that the plaintiff at all times was ready and willing to perform his part of the contract but was prevented from doing so by the defendant, its agents and servants. Writ in the Municipal Court of the City of Boston dated May 8, 1917.

The answer of the defendant, as substituted by amendment, is described in the opinion. Two other similar actions for breaches of the same contract but covering different periods were tried at the same time with this action.

The report of the trial by the judge of the Municipal Court to the Appellate Division is described and quoted in the opinion. The judge refused to rule at the request of the defendant that on all the evidence the plaintiff was not entitled to recover, and in this action, as well as in the other two actions, found for the plaintiff in the amount claimed by him. At the request of the defendant the judge reported the case to the Appellate Division, who made an order that the report be dismissed. The defendant appealed.

*A. F. Flint*, for the defendant.

*G. W. Abele*, for the plaintiff.

LORING, J. 1. In support of the defendant's request for a ruling that on all the evidence the plaintiff was not entitled to recover, the defendant now urges that the plaintiff "misrepresented both his occupation and his earning capacity" and represented that "he was qualified" "to perform efficiently the work for which he applied." In its "substitute answer" the defendant alleged that the contract sued on "was based on the false and fraudulent representation of the plaintiff, upon which the defendant relied, that the plaintiff had theretofore been earning more than $50 a week" and "upon the following false and fraudulent representations of the plaintiff to the defendant, upon which the defendant relied, namely: first, that he was competent and capable of discharging the duties required of him, particularly in connection with the sale by him of the products of the defendant, in reference to which he alleged himself to be especially qualified; second, that

he had sold from $25,000 to $30,000 worth of work during the previous year." The finding of the judge who heard the case is in these words: "I find that the plaintiff and the defendant company entered into the contract set out in the plaintiff's declaration; that the contract was signed on April 3, 1917, but dated April 9, under the agreement that work was to begin on April 9, 1917; that on April 4, 1917, the plaintiff resigned employment with an automobile concern in preparation of entering the defendant's employ under this contract; that on April 9, 1917, according to the contract of employment with the defendant he started to work; that the next day (April 10) the defendant company discharged him, giving no reason except that it wished to terminate the contract. The case was tried before me solely on the ground of fraudulent statements, inducing the contract. I find that no fraudulent statements were made by the plaintiff to the defendant company or to their agents to induce the contract." In connection with the requests for rulings the judge made the following additional findings: "I find as a fact that the statement made by the plaintiff was that he 'was doing better than $50 per week,' and that the statement was true. . . . I find as a fact . . . that what the plaintiff said was that 'with the defendant's house behind him he ought to be able to do $25,000 to $30,000 worth of business.'" The evidence warranted the findings. What the defendant is now asking us to do is to review the findings of fact and come to opposite conclusions upon the evidence. That is something which we cannot do.

2. The defendant's next contention is that the judge "erred in assessing damages." The judge ruled that "If the plaintiff is entitled to recover, such recovery must be limited to the amount claimed in each suit less such sum as he has earned, or by the exercise of honest, earnest and intelligent efforts could have earned during the respective periods for which the claims are made." Acting under that rule of law the judge found that the plaintiff was entitled to the wages specified in the contract. The defendant's complaint is that on the evidence, and in view of what it is common knowledge that the condition of the labor market was from April to October, 1917, the judge must have been wrong in finding that nothing was to be deducted from the wages to which the plaintiff was entitled under the contract. This is open to the objection stated as to the contentions made by the defendant

which we have just dealt with and is disposed of by what we have said in connection with them. In addition it was decided in *Hussey* v. *Holloway*, 217 Mass. 100, that, "while it was her [the plaintiff's] duty to use reasonable diligence to secure other employment and thereby lessen her loss, it has generally been held that where, as in this case, a plaintiff was employed in a special service, she is not obliged to engage in a business that is not of the same general character, in order to mitigate the defendant's damages," under the rule of *Maynard* v. *Royal Worcester Corset Co.* 200 Mass. 1.

What we have said disposes of the contentions made by the defendant in support of the rulings asked for by it.

We have examined all the cases cited by the defendant and find nothing in them requiring notice.

The order of the Appellate Division dismissing the report must be affirmed.

*So ordered.*