PAUL SOMERS *vs.* COMMERCIAL FINANCE CORPORATION.

Suffolk. March 13, 1923. — May 25, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & PIERCE, JJ.

*Contract*, Validity, Implied. *Conflict of Laws. Statute*, Construction, Of another State. *Municipal Court of the City of Boston*, Appeal. *Sale*, Validity.

The validity of a contract of sale of shares of stock in a Massachusetts corporation, made and performed in the State of Connecticut, is to be determined by the law of Connecticut.

Where a statute declares that certain kinds of contracts shall not be made unless governmental sanction therefor previously has been obtained, and a penalty is provided for its violation, an unapproved agreement of the character prohibited cannot be enforced.

Upon an appeal to this court from a judgment of the Appellate Division of the Municipal Court of the City of Boston, evidence which was not before the trial judge in the Municipal Court cannot be considered, although, after the filing of the report of that judge in the Appellate Division, the parties agreed that such evidence might be considered.

A penal statute must be construed strictly and cannot be extended by implication.

Gen. Sts. of Conn. (1918) c. 188, §§ 3460, 3462, 3468, 4022, 4023, do not sub-
ject corporations which are not incorporated in that State to their provisions;
and therefore a sale in Connecticut by a Massachusetts corporation of
shares of stock of another Massachusetts corporation is not invalid although
neither of the Massachusetts corporations had complied with such statutory
provisions.

CONTRACT for $840, paid to the defendant in furtherance
of a purchase in Connecticut of shares of stock, the sale being
alleged to have been illegal under the laws of Connecticut.
Writ in the Municipal Court of the City of Boston dated
April 28, 1922.

In the Municipal Court, the action was heard upon an
agreed statement of facts, in which were incorporated Gen.
Sts. of Conn. (1918) c. 188, §§ 3460, 3462, 3468, 4022 and
4023.   Section 3527 was included in the printed record but
was not referred to in the report of the trial judge or in the
agreed statement of facts.   Material facts are described in
the opinion.   The defendant requested, and the judge re-
fused to give, among others, a ruling, " 14. That upon all
the evidence and the pleadings the plaintiff cannot recover
from this defendant."   There was a finding for the plaintiff
in the sum of $840, and, at the request of the defendant, the
action was reported to the Appellate Division, who ordered
an entry of judgment for the defendant.   The plaintiff
appealed.

*J. G. Bryer,* for the plaintiff.

*D. Needham,* for the defendant.

BRALEY, J.   The defendant, a Massachusetts corporation,
entered into a contract with Henry V. Greene under which,
in consideration of the issuance to him of twenty thousand
shares of the common stock of its new issue, he agreed to sell
forty thousand shares of the new issue of its preferred stock
" at a price to net the . . . [defendant] fifty-one and
25/100 . . . dollars for each and every share thereof "
giving the " common stock as a bonus to the buyers of the
preferred . . . in the ratio of one share to two."   Greene
assigned the contract to the H. V. Greene Company, a cor-
poration organized under the laws of this Commonwealth,
which the parties agree " had power to . . . sell and nego-

tiate the stock . . . as an investment, in the State of Connecticut." Acting under the authority given to Greene, the Greene Company at Hartford, Connecticut, sold to the plaintiff for $840 twelve shares of the preferred stock, with six shares of the common stock as a bonus, and delivered the certificates, for which the plaintiff gave in payment a collateral note for $660, payable to the defendant's order " 185 Devonshire Street, Boston, Massachusetts," in twenty-two equal payments of $30 without interest, the first payment to be made thirty days from the date of sale, and pledged therewith as " general collateral " the twelve shares of preferred stock. It does not appear whether the selling agent received any money, but the agreed facts state that the plaintiff has paid to the defendant the full purchase price. The plaintiff subsequently demanded the " return of all moneys paid . . . and tendered to the defendant . . . the certificates . . . indorsed in blank by him, and all dividends . . . received." The tender having been refused, the present action is brought to recover the amount paid as money had and received to the plaintiff's use. The contract of sale was made and executed in Connecticut, and its validity is to be determined by the law of that State. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 174. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89, 95. *National Surety Co.* v. *Nazzaro,* 239 Mass. 341, 346. It is contended that as neither the defendant nor its agents had been licensed by the bank commissioner as required by §§ 3460, 3462 and 4023, of the Gen. Sts. of Conn. (1918) which were then in force, to transact business therein of the character described, the sale was a violation of the statute, for which a penalty is imposed by § 3468. It is settled that where a statute declares that certain kinds of contracts shall not be made unless governmental sanction therefor had previously been obtained, and a penalty is provided for its violation, an agreement of the character prohibited cannot be enforced. *Allen* v. *Hawks,* 13 Pick. 79, 82. *Downs* v. *Lewis,* 11 Cush. 76, 78. *Miller* v. *Post,* 1 Allen, 434. *United States Bank* v. *Owens,* 2 Pet. 527. Compare *Enterprise Brewing Co.* v. *Grime,* 173 Mass.

252.   It was stipulated after the case had been reported to
the Appellate Division, that " the whole of Chapter 188 of
the Connecticut General Statutes Revision of 1918," con-
taining certain classifications in connection with the sections
just referred to, " may be considered as a fact in evidence for
the consideration of the case." But we cannot consider
evidence which was not introduced before the trial judge
whose rulings are to be affirmed or reversed on the evidence
reported.   G. L. c. 231, §§ 108, 109, 110.   *Smith* v. *Tenny-
son,* 219 Mass. 508.   *Burbank* v. *Farnham,* 220 Mass. 514.
*Real Property Co. Inc.* .v *Pitt,* 230 Mass. 526.   *Brown* v.
*Learmouth,* 228 Mass. 417.   *Freed* v. *Rosenthal,* 231 Mass.
357.   *Saunders* v. *Smith Granite Co.* 232 Mass. 1.   The
statute being penal is to be construed strictly.   It is not to
be extended by implication.   *Hosmer* v. *Sargent,* 8 Allen,
97, 99.   *Commonwealth* v. *Worcester & Nashua Railroad,*
124 Mass. 561, 563.   *Chase* v. *Curtis,* 113 U. S. 452.   *Bolles*
v. *Outing Co.* 175 U. S. 262.   While § 3462 declares that
" No investment Company as defined by section 3460 shall
do business in this State until it has been licensed by the
bank commissioner in the manner provided by section 4023,
and violations of this provision shall be subject to the penal-
ties provided by section 3468," yet § 3460 reads as follows,
" Every corporation which has power to or does sell or
negotiate its own choses in action, or sell, guarantee or
negotiate the choses in action of other persons or corpora-
tions as investments, shall be under the supervision of the
bank commissioner and subject in that particular to all the
laws relating to the examination and report of banks, savings
banks and trust companies. Said commissioner, in his
annual report, shall clearly describe the various classes of
assets and liabilities of each, and state any special provision
which has been made for the payment of such liabilities.
No corporation doing business as aforesaid shall guarantee,
by indorsement or otherwise, debenture bonds secured by
loans upon real estate to an amount exceeding ten times the
amount of the capital stock paid up in cash and the cash
surplus of said corporation. Any investment company
which is required to file an annual statement with the bank

commissioner, whose fiscal year does not end on June thirtieth, may make written application to said commissioner for permission to file such statement as of the close of business for the fiscal year of such company. Said commissioner after due investigation may accept such statement as the annual statement required by law to be filed." If this section is compared with § 3462, foreign corporations do not in terms appear to be included. The wording of § 3527, that " Every foreign corporation, except insurance and surety companies, building and loan associations, and investment companies within the provisions of section 3460, shall, before transacting business in this State, file in the office of the secretary of the State a certified copy of its charter," and a statement of its authorized capital stock, and the amount paid therefor in cash, and of § 4022, that " No foreign building and loan association shall do business in this State " except upon compliance with certain enumerated precedent conditions which contain no reference to a license, supports this contention. " We cannot speak with the same confidence of the intention and the policy of the Legislature of another State as we might of that of our own." *Folger* v. *Columbian Ins. Co.* 99 Mass. 267, 275. But if the Legislature had intended, that foreign corporations of the class to which the defendant belongs should be subject to the prohibition and penalty for which the plaintiff contends, it should have unmistakably so declared. *Kilby Bank, petitioner,* 23 Pick. 93. *Barriere* v. *Depatie,* 219 Mass. 33, 36, and cases there cited. *Chase* v. *Curtis,* 113 U. S. 452. The defendant's fourteenth request, that upon all the evidence and the pleadings the plaintiff could not recover should have been given, and the order of the Appellate Division of judgment for the defendant, is

*Affirmed.*