HOUSEHOLD ENGINEERS INC. *vs.* CHARLES W. RYDER.

Middlesex.    December 15, 1931. — December 18, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Practice, Civil*, Requests, rulings and instructions, Motion for finding, Appeal.  *Evidence*, Presumptions and burden of proof.  *Sale*.

At the close of the plaintiff's evidence at the trial of an action in a district court, the defendant, without resting, moved for a finding in his favor "on the ground that the plaintiff had not made out a *prima facie* case."  The motion was denied.  The defendant then put in his evidence.  His motion was not renewed at the close of all the evidence.  A report to the Appellate Division after a finding for the plaintiff did not set forth the evidence in behalf of the defendant. Upon an appeal by the defendant from an order by the Appellate Division dismissing the report, it was *held*, that, in the circumstances, the denial of the defendant's motion was not shown to be erroneous.

It *was stated* that the proper procedure on the part of the judge at the trial above described would have been to decline to pass on the motion until the defendant rested, although in exceptional instances a trial judge may pass upon such a motion to the end that if it be granted a long trial upon the facts may be avoided.

CONTRACT.  Writ in the District Court of Newton dated January 8, 1931.

Proceedings at the hearing in the District Court before *Fabyan*, J., are described in the opinion.  The trial judge found for the plaintiff in the sum of $413.30, and reported the action to the Appellate Division for the Northern District.

The report was ordered dismissed and the defendant appealed.

The case was submitted on briefs.

*R. L. Ryder*, for the defendant.

*N. M. Hussey*, for the plaintiff.

RUGG, C.J.   This is an action of contract to recover the price of a radio, and for labor and materials.   At the close of the plaintiff's evidence the defendant without resting made a motion for a finding in his favor "on the ground that the plaintiff had not made out a *prima facie* case." The record states that this "motion was denied and the defendant's exception duly noted."   The proper procedure on the part of the trial judge would have been to decline to pass on the motion until the defendant rested.   It is not clear from the record but that this was the reason on which the judge refused to grant the motion.   *Hurley* v. *O'Sullivan*, 137 Mass. 86.   *Goss* v. *Calkins*, 162 Mass. 492.   *Wild* v. *Boston & Maine Railroad*, 171 Mass. 245.   In exceptional instances a judge may pass upon such a motion to the end that if it be granted a long trial upon the facts may be avoided.   In any event, however, if the defendant thereafter proceeds to introduce evidence in support of his own contentions without renewal at the close of the whole evidence of such motion for a finding in his favor, he must be taken in the ordinary case to have waived the exception taken at the close of the plaintiff's case.   That principle controls the case at bar.

The record further states that "The defendant then proceeded with his evidence which consisted of the testimony of the defendant."   Thereupon the trial judge made a general finding for the plaintiff.   No evidence introduced by the defendant is recited or summarized.   In these circumstances we cannot know what the evidence introduced by the defendant was and we cannot know, therefore, that it did not support the plaintiff's claim.   The complaint as to the general finding for the plaintiff, resting as it does upon the sufficiency of evidence which is not set out in substance in the record, cannot be sustained in these circumstances.   *Todd* v. *MacLeod*, 188 Mass. 144.   *Posell* v.

*Herscovitz*, 237 Mass. 513, 516, 517. *Commonwealth* v. *McIntosh*, 259 Mass. 388, 391.

Even if it be assumed that the defendant has a good exception to the refusal to make a finding in his favor at the close of the plaintiff's evidence, it is plain that there was no error in that ruling by the trial judge. There was ample evidence to warrant the inference that the radio delivered to the defendant and used by him had in truth been accepted as a compliance with his contract of purchase made with the plaintiff.

*Order dismissing report affirmed.*