Pettingell, J.
Action of tort for personal injuries arising out of an automobile collision. The plaintiff’s automobile was proceeding through Scollay Square, Boston, toward Hanover Street, which enters Scollay Square from the right as the plaintiff was proceeding. The defendant was approaching Scollay Square on Hanover Street. There was evidence that the defendant’s speed was from twenty to twenty-five miles an hour, and that there was a sign at the head of Hanover Street in Scollay Square, reading “No Left Turn”.
The judge found specifically that the plaintiff was in the exercise of due care, that the defendant was negligent, and “that his negligence was the sole cause of the accident”; and found for the plaintiff. There was evidence which warranted a finding that the defendant came out of Hanover Street without reducing his speed and made a left turn, placing his automobile directly in the path of that of the plaintiff.
The error relied upon by the defendant is that the finding for the plaintiff is so “grossly inconsistent” with a ruling given by the trial judge at the request of the defendant, as to “create an uncertainty as to what principle of law the-court sought to apply and to amount to prejudicial error”.
The ruling thus given is as follows:
“As a matter of law, the court must find in favor of' the defendant, for the reason that the defendant reached the intersection before the plaintiff, and therefore-had the right of way.”
This ruling should not have been given. The fact that an operator of an automobile has reached an intersection first, and has the right of way does not entitle him, as matter of law, to a finding if a collision occurs... The determination of *161 the fact of the right of way does not, ipso facto, determine the issues of due care and negligence, both of which in this case, were decided adversely to this defendant. Nor does the fact of the right of way determine that other vital issue of fact, causation. In this case the trial judge decided that issue, also, adversely to the defendant by finding “as a fact that the plaintiff’s entering the intersection after the defendant was a condition and not the cause of the accident.”
Whether the violation of an ordinance or statute, is the cause of an accident or only a condition is a pure question of fact. Bourne v. Whitman, 209 Mass. 155, at 156; Todd v. Traders & Mechanics Ins. Co., 230 Mass. 595, at 598; Walters v. Davis, 237 Mass. 206, at 209; Daris v. Middlesex & Boston St. Ry., 241 Mass. 580, at 581; Falk v. Finkelman, 268 Mass. 524; Wall v. King, 280 Mass. 577, at 580; Ferreira v. Zaccolanti, 281 Mass. 91, at 92; Wainwright v. Jackson, Mass. Adv. Sh. (1935) 1405, at 1407.
Thus we have the trial judge finding as fact that the plaintiff was in the exercise of due care, that the defendant was negligent, that the defendant’s negligence was the sole cause of the accident, and that the plaintiff’s entering the intersection after the defendant was a condition and not the cause of the accident.
Having made these subsidiary findings of fact it was improper for him to give the ruling requested by the defendant to the effect that the defendant was entitled to a finding solely because he had the right of way. If the trial judge had then, consistently with the ruling, found for the defendant, his action would have constituted such prejudicial error as would have entitled the plaintiff to a new trial.
The trial judge, however, did not find, consistently with the ruling which he had given, but consistently with the facts which he had specifically found. There was then no error.
*162 “But when a ruling of law is given which is erroneous because not applicable to the facts found by the judge, a new trial will not be ordered where it is clear that a just decision has been made under the principles of law appropriate to the facts found to be true.” Rathgeber v. Kelley, Mass. Adv. Sh. (1938) 331, at 332.
Because the judge was mistaken in his law, the defendant “has no such vested interest in that ruling that he can compel this court to carry it into effect by overturning a general finding supported by subsidiary findings which were not affected by the ruling, when the record taken as a whole shows that the general finding is right.” Slocum v. Natural Products Co., Mass. Adv. Sh. (1935) 2489, at 2491, 2492. Where a judge adopts an erroneous rule of law but does not follow it, and arrives at a right result, the application of proper law to the facts, the finding will stand. Freeman v. Robinson, 238 Mass. 449, at 451, 452.
We pay no attention to the defendant’s argument that there was no evidence which would warrant the trial judge in finding that the “No Left Turn” sign was there by proper authority. There is nothing in the report to show that this issue was raised at the trial. Draper v. Saxton, 118 Mass. 427, at 431; or that it is an issue which the trial judge intended to report, Weiner v. D. A. Schulte Inc., 275 Mass. 379, at 389. McKenna v. Andreassi, Mass. Adv. Sh. (1935) 2219, at 2222; Bresnick v. Heath, Mass. Adv. Sh. (1935) 2297, at 2299.
The report does not state that it contains all the material evidence. This omission alone, under the particular circumstances of this case, is enough to justify the dismissal of the report. Todd v. MacLeod, 188 Mass. 144, at 146 Brown v. Learmouth, 228 Mass. 417, at 419; Household Engineers Inc. v. Ryder, 277 Mass. 523, at 524.
No prejudicial error appearing, the report is to be dismissed.